McIntosh v. The State.

---

## McIntosh v. The State.

[No. 18,580. Filed October 13, 1898.]

INSTRUCTIONS.—*When Evidence is Not in the Record.*—Where the evidence is not in the record the Supreme Court will not consider instructions erroneous if they could have been correct under the issues upon any supposable state of the evidence. *p. 253.*

SAME.—*Criminal Law.—Weight of Defendant's Evidence.*—No error was committed in instructing the jury in the trial of a criminal action that defendant was a competent witness in his own behalf, but that the jury were the judges of the weight which ought to be given to his testimony, and that in deciding upon such weight they should take into consideration all the facts and circumstances surrounding the case, as disclosed by the evidence, and give defendant's

McIntosh *v.* The State.

testimony such weight only as they believed it to be entitled to in view of all the facts and circumstances proved on the trial. *p. 253.*

INSTRUCTIONS.—*Weight of Defendant's Evidence.*—*Criminal Law.*—An instruction given to the jury in the trial of a criminal action that the law gives the person accused of crime the right to testify in his own behalf, but his credibility, and the weight to be given to his testimony are matters exclusively for the jury, and that the jury has the right to take into consideration the manner of his testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of the case as affecting his credibility, and that they are not required to receive blindly the testimony of such accused person as true, nor to disregard it, but to give it due consideration, and determine whether or not his statements are true, and made in good faith, or only for the purpose of avoiding conviction, is not, standing alone, a complete or accurate statement to the jury of the rules for weighing defendant's testimony, and is open to criticism in that it singles out defendant and directs the advice and admonition alone to his testimony; but in the absence of the evidence, and when considered with the other instructions properly defining the weight to be given to defendant's evidence, the Supreme Court cannot say that defendant was prejudiced in any of his substantial rights thereby. *pp. 253-256.*

SAME.—*Must Be Construed Together.*—Instructions must be considered as a whole, and not in detached fragments, and when so considered, if they can be said to present the law upon the question to which they were directed with reasonable clearness or accuracy, it will not be presumed that the jury was misled thereby, although it may be said that some particular instruction, or part thereof, considered alone, was erroneous, or was liable to be misunderstood by the jury. *p. 256.*

SAME.—*Reasonable Doubt.*—*Criminal Law.*—Instructing the jury in the trial of a criminal cause that it was not the intention of the court by the words "reasonable doubt," to declare that a bare possibility of innocence would acquit, and that "where a circumstance is of a doubtful character, or doubtful in its bearings, you are to give the accused the benefit of the doubt; if, however, all the facts established necessarily lead the mind to the conclusion that the defendant is guilty, though there be a possibility that he is innocent, you should find him guilty," is not reversible error, where the jury was clearly and correctly informed upon the subject of reasonable doubt in other instructions given. *pp. 257-259.*

From the Cass Circuit Court. *Affirmed.*

McIntosh *v*. The State.

*Lairy & Mahoney* and *McConnell & Jenkines*, for appellant.

*William A. Ketcham*, Attorney-General, *G. S. Kistler* and *F. M. Kistler*, for State.

JORDAN, J.—Appellant was charged by indictment, tried by a jury, and convicted of murder in the first degree, and his punishment fixed at imprisonment in the State prison for life, and, over his motion for a new trial, judgment was rendered accordingly. The only reasons which are urged for a reversal of this judgment are that the trial court erred in giving instructions number fourteen, fifteen, twenty, and thirty. The evidence upon which appellant was convicted has not been certified to this court. Therefore, in accordance with the well settled rule, we will not consider the instructions erroneous if they would have been correct under the issues upon any supposable state of the evidence. *Johns* v. *State*, 104 Ind. 557; *Wenning* v. *Teeple*, 144 Ind. 189.

By the fourteenth instruction, the court advised the jury that, under the law, the defendant was a competent witness in his own behalf, but that they were the judges of the weight which ought to be given to his testimony, and that, in deciding upon such weight, they should take into consideration all the facts and circumstances surrounding the case, as disclosed by the evidence, and give defendant's testimony such weight only as they believed it to be entitled to in view of all the facts and circumstances proved on the trial. Surely this instruction, so far as it professed to go, cannot be said to be prejudicial to the appellant.

Charge number fifteen is as follows: "The law gives persons accused of crime the right to testify in their own behalf, but their credibility, and the weight to be

given to their testimony are matters exclusively for the jury. Therefore, in weighing the testimony of the defendant in this case, you have the right to take into consideration the manner of his testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of the case as affecting his credibility. You are not required to receive blindly the testimony of such accused person as true, neither are you at liberty to disregard his testimony, but you are to give it due consideration, and to determine whether or not his statements are true, and made in good faith, or only for the purpose of avoiding conviction." It is contended by counsel for appellant that this instruction, in effect, informed the jury that, as a legal rule, the testimony of the defendant was not entitled to as much weight as that of other witnesses, or, in other words, that his testimony must be tested by a more rigid rule than that which is applicable to other witnesses. Appellant's insistence is that the court, by advising the jury that they were not required to receive blindly the testimony of the accused as true, cast discredit in the minds of the jury upon his testimony. It appears, however, that the court, in the same charge, told the jury that they were not at liberty to disregard the testimony of the defendant, but must give it due consideration, and determine whether or not his statements were true. This part of the instruction, certainly, was as favorable to the defendant as he could desire. It must be evident, also, if the jury blindly received his testimony as true, it would be the equivalent of their receiving or accepting it as it came from his lips, without the exercise upon their part of any judgment in the determination of its truth or falsity. Certainly, an admonition to the jury against acting in such a manner in receiving the testimony of the de-

fendant, or that of any other witness in the case, if the court under the circumstances deemed it essential, would be proper. When the accused made himself a witness in his own behalf, his testimony became subject to the same rules as other witnesses, and his interest or lack of interest in the result of the trial, his manner of testifying, the reasonableness or unreasonableness of his statements, and all other facts or circumstances disclosed by the evidence in the case, which could in any manner aid the jury in weighing his testimony, were matters which they were authorized to consider in testing the weight or credibility thereof. The statements of the defendant, as a witness in the case, were subject to the same tests as that of other witnesses, no more or no less. *Anderson* v. *State*, 104 Ind. 467; *Deal* v. *State*, 140 Ind. 354.

While this instruction standing alone cannot be said to be a complete or accurate statement to the jury of the rules by which they ought to be guided in weighing the testimony of the defendant, and while it may also be said that it is possibly open to the criticism that it singles out the defendant, and directs the admonition or advice therein given alone to his testimony, yet, in the absence of the evidence, we would not be in a position to adjudge that appellant was prejudiced in any of his substantial rights thereby. But, aside from this view of the question, the court, by instruction number eighteen, given at the request of the defendant, instructed the jury that it was their duty to consider the defendant's testimony, together with all of the other evidence in the case; and, while it was their right to consider his interest in the result of the suit, still they were not, on that account, authorized to disregard his evidence; neither should they disregard it because he was charged with the crime de-

scribed in the indictment. The court in this charge
further informed the jury that, under the law, the de-
fendant had the right to testify in his own behalf,
and that they should consider and weigh his testi-
mony, in the determination of his guilt or innocence,
in like manner as that of any other witness, and to
give to it such weight as in their opinion it merited;
and if, from all of the evidence, when so considered
together, they had a reasonable doubt of the defend-
ant's guilt, they should acquit him.

By instruction number twenty-four, given also at the
request of the defendant, the jurors were advised that
they were not at liberty to discredit the defendant's
testimony because he is the defendant, but that it was
their duty to consider it in the light of all the evidence
and circumstances in the case, and if his evidence,
when so considered, together with the other evidence
in the case, raised in their minds a reasonable doubt of
his guilt, it would be their sworn duty to acquit him.
Under a well settled rule, the initial and essential
question in every case where error is based upon in-
structions given, is, was the jury thereby misled to the
prejudice of the complaining party? Thompson,
Charging the Jury, section 131. The rule is well as-
serted and repeatedly affirmed in many of the de-
cisions of this court, that instructions ought to be con-
sidered and construed as a whole, and not in de-
tached fragments; and when so considered, if they can
be said to have presented the law to the jury upon the
particular point or question to which they were di-
rected, with reasonable clearness and accuracy, it will
not be presumed that the jury were misled thereby,
even though it may be said that some particular one
of the instructions, or part thereof, considered alone,
unexplained or unqualified by the others, is erroneous,
or was liable to be misunderstood by the jury. *Union*

*Mutual Life Insurance Co.* v. *Buchanan*, 100 Ind. 63; *Shields* v. *State*, 149 Ind. 395, and cases there cited; Elliott's App. Proc., section 648. When the two instructions, to which we have referred, given by the court at the request of the appellant, are considered in connection with instruction number fifteen, to which appellant objects, we cannot perceive how it was possible for the jury to have been misled thereby to his prejudice, as we are bound to presume that they considered and acted upon the instructions as an entirety, and were not controlled by fragments or isolated parts thereof.

By instruction number twenty, the court told the jury that it was not its intention, by the words "reasonable doubt," to declare that a bare possibility of innocence would acquit. The court, continuing in this instruction, said to the jury: "Where a circumstance is of a doubtful character, or doubtful in its bearings, you are to give the accused the benefit of the doubt. *If, however, all the facts established necessarily lead the mind to the conclusion that the defendant is guilty, though there be a bare possibility that he is innocent, you should find him guilty.*" (Our italics.) It is the part of this charge in italics which counsel for appellant criticise, upon the ground that the court thereby gave the jury to understand, that if a preponderance of the evidence in the case led them to believe that the defendant's guilt was established, that they should find him guilty, regardless of the fact that the evidence was required to exclude all reasonable doubt of his guilt from the minds of the jury before they could legally convict. Counsel, in support of their assignment of error as to the portion of the charge in question, rely on the case of *Rhodes* v. *State*, 128 Ind. 189, where an instruction similar to the one in dispute was condemned as erro-

neous. But the question, under the instructions, as involved in the present case, and as it was presented under the circumstances existing in *Rhodes* v. *State, supra,* can readily be distinguished. In the latter case, as the opinion therein discloses, the entire drift of the court's charge, on the subject of reasonable doubt, was unfavorable to the accused. The jury, as it is said in the opinion therein, were repeatedly informed what did not constitute a reasonable doubt, but were not advised as to what did constitute such a doubt. But in the case at bar, the circumstances are certainly the reverse of what they were in the case in question. In the present case the court gave a number of instructions, whereby it, in language clear and strong, informed the jury what the law required, to constitute a reasonable doubt, and repeatedly and fully advised them in regard to every feature of the case to which such a doubt was applicable. In fact, it seems that the court gave to the jury all the instructions upon the question of reasonable doubt which appellant presented, and the entire drift of the instructions relative to the question of reasonable doubt, was as favorable to him as he could desire; and when all of them, relative to the doctrine of reasonable doubt, are considered together, in obedience to the rule previously mentioned, the jury may be said to have been thereby very fully, clearly, and correctly informed or advised upon the subject of reasonable doubt, and also as to the required tests to which all of the evidence in the case must conform before the jury could be justified in convicting the defendant.

It is evident, then, that when the jury considered all the instructions on the question of reasonable doubt, as it must be presumed they did, they certainly could not have understood, from that part of the charge to which appellant's objections apply, that they were au-

thorized, under the law, to convict him upon a mere preponderance of the evidence. *Shields* v. *State, supra.* In reason, then, appellant's contention upon the point in question cannot be sustained.

Instruction number thirty, given by the court, is as follows: "The defense of self-defense is one frequently made in cases of this kind, and it is one, which I may say to you, should be very carefully scrutinized by the jury. The evidence to this point should be carefully considered and weighed by the jury, for the reason, that, if the accused in fact acted in self-defense at the time of the alleged killing, then he ought not to be punished for such act. The evidence on this question of self-defense ought to be carefully considered by the jury for another reason, and that is because a due regard for the ends of justice, and the peace and welfare of society demands it, to the end that parties charged with crime may not make use of the plea of self-defense as a means to defeat the ends of justice, and a shield to protect them from criminal responsibility in case of violation of the law." Appellant's objection to this charge is that it necessarily tended to cast discredit and suspicion upon the defense interposed by him, namely, that of self-defense.

An instruction similar to the one in question, relative to the defense of insanity as interposed to the charge of murder, was approved by this court in *Sawyer* v. *State*, 35 Ind. 80; and a like caution given by the trial court to the jury was also approved in *Sanders* v. *State*, 94 Ind. 147; while in the appeal of *Aszman* v. *State*, 123 Ind. 347, the same instruction was by a divided court criticised, upon the ground that it could not be said to embrace a statement of any legal proposition, but was rather in the nature of a general disparagement of the defense of insanity, pleaded by the accused in that case. It was asserted, however,

that a case might possibly arise in which such a statement by the court could be properly made; but the court passed the question without deciding whether the charge in controversy constituted reversible error. In the absence of the evidence in this case, we are unable to say that the trial court was not warranted in giving to the jury the caution which it did by the charge in dispute; neither are we, in the absence of the evidence, in a position to decide that appellant was prejudiced in any manner by the instruction in controversy.

The statute forbids us to reverse a judgment in a criminal case except for errors of the trial court which, in our opinion, prejudiced the defendant in his substantial rights. Section 1964, Burns' R. S. 1894 (1891, R. S. 1881). While the trial court ought not in any manner, in its charge to the jury, to disparage nor cast suspicion upon any legitimate defense interposed in an action, still if necessary, in the interest of justice, it is certainly the right and duty of the judge to give to the jury such advice and such caution as will aid them in arriving at a true and just decision in the case. The record in this cause, for the reasons stated, does not disclose any error which would entitle appellant to a reversal. The judgment is therefore affirmed.