## KELL v. STATE OF INDIANA.

[No. 24,365.   Filed March 11, 1924.]

1.  CRIMINAL LAW.—*Instructions.*—*Refusal not Erroneous where Covered by Other Instructions.*.—It is not error to refuse to give tendered instructions which, though proper to be given under any state of the evidence, are covered by other instructions given by the court.   p. 376.

2.  CRIMINAL LAW.—*Instructions.*—*Must Correctly Apply to Evidence.*—The trial court may properly refuse instructions which

Kell *v.* State—194 Ind. 374.

are not correct statements of the law as applied to the evidence to which they are directed.  p. 376.

3.  CRIMINAL LAW.—*Cross-Examination of Defendant.—Scope Limited by Court.*—The cross-examination of the defendant charged with rape, as to his relations with other women, is proper, in the discretion of the court, especially when the scope of such testimony is limited by an instruction, to its bearing upon the credibility of the testimony of the defendant. p. 377.

4.  CRIMINAL LAW.—*Instructions.—Credibility of Witnesses.*—An instruction is not open to the objection that "it directs the jury to consider all the evidence on the subject of the credibility of witnesses," in which the jury are told first, that they are the judges of the facts and of the credibility of witnesses, and second, that "in determining the credibility of witnesses it is proper to take into consideration all the surrounding circumstances of the witnesses, as brought out in the evidence, their interest, if any, in the result of the action, and such other facts appearing in the evidence as will, in your opinion, aid you in determining whom you will believe."  p. 377.

5.  CRIMINAL LAW.—*Instructions.—Circumstantial Evidence.*— An instruction on circumstantial evidence which tells the jury to "take into consideration all the facts and circumstances as shown by the evidence upon the trial of this cause in determining the guilt or innocence of the defendant," is a proper instruction and the jury could not have been misled by it.  p. 378.

6.  CRIMINAL LAW.—*Instructions.—Credibility of · Defendant.*— An instruction is reversible error which tells the jury:  "If you believe the things to which the defendant has testified as a witness it will become your duty to give it such force and effect as you deem it to be entitled to when considered in connection with the other testimony given upon the trial relating to the same matters," since if the jury were satisfied that his testimony was true, it was their duty to believe and act upon it without reference to other testimony.  p. 379.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Robert M. Kell was convicted of statutory rape, and he appeals. *Reversed.*

*Thomas Duncan* and *Prentiss Duncan,* for appellant.

*U. S. Lesh,* Attorney-General, *Edward M. White,* Assistant Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant, Robert M. Kell, was convicted by a jury of the crime of rape upon a female child under the age of sixteen years. The appellant seeks a reversal of the judgment and assigns as error the overruling of his motion for a new trial. Under such assignment of error he alleges that the verdict was not sustained by sufficient evidence; that the court erred in admitting certain evidence on cross-examination of the appellant; that the court erred in giving and refusing certain instructions.

The appellant says that the court erred in refusing to give each of instructions numbered 1 and 2 tendered by the defendant. These are general instructions relative to reasonable doubt and the burden of proof and were proper to be given under any state of the evidence in the trial of a criminal case, but in this case other instructions were given by the court in its series of instructions which embraced each principle of law set forth in these instructions or either of them, therefore, it was not error to refuse to give them.

Instruction No. 2a and instruction No. 7, tendered by the defendant are not correct statements of the law as applied to the evidence to which they were directed. The court properly refused to give each of them.

Instruction No. 4, tendered by appellant was fully covered by instruction No. 13, given by the court of its own motion. Where propositions of law have been fully and fairly stated once, the court is not required to give additional instructions tendered, covering the same points and propositions. *Bohan* v. *State* (1924), *ante* 227, 141 N. E. 323; *Barnett* v. *State* (1885), 100 Ind. 171.

On the trial certain questions were asked by appellant on cross-examination by counsel for the state touching his relations with women other than Evelyn Arm-

strong. These questions were proper. The defendant in becoming a witness subjected himself to the same treatment as any other witness. It has been held that any fact tending to impair the credibility of a witness by showing his interest, bias, ignorance, motives, or that he is depraved in character may be shown in cross-examination, but the extent to which the cross-examination may be carried is within the sound discretion of the court. *Pierson* v. *State* (1919), 188 Ind. 239, and cases there cited.

This evidence was limited by the court by instruction No. 13, given by the court of its own motion as follows: "Certain questions were propounded on cross-examination by counsel for the state, to the defendant, Robert Kell, touching his relations with women other than Evelyn Armstrong. These inquiries were permitted by the court concerning alleged specific acts and conduct extraneous to the issues involved in this case. They were calculated to degrade the defendant and impair his credibility, and were admissible in evidence for the purpose only of bearing upon the weight and credit to be given to the testimony of said defendant." This instruction properly limited such evidence to the purpose for which it was admitted.

Appellant says that instruction No. 10, given by the court of its own motion is erroneous, "in that it directs the jury to consider all the evidence on the subject of the credibility of witnesses." The mere reading of instruction No. 10 shows that the objection made by appellant to it is not tenable. The instruction is as follows: "You are the sole judges of the facts and credibility of witnesses including the defendant, who has testified as a witness in this case. It is your duty to reconcile all the statements of witnesses on the theory that the defendant is innocent, if you can. If you cannot reconcile the statements of witnesses on

account of contradictions, then you have a right to believe the witness, or witnesses, you deem most worthy of credit and disbelieve the witness or witnesses whom you believe least worthy of credit. In determining whom you will believe you may consider the nature of the evidence given by them,. their interest, bias, or prejudice, if any, disclosed; their opportunity for knowing the facts about which they testify; their manner and deportment while on the witness stand; how far they are corroborated or contradicted by other testimony, and in, weighing the testimony and determining the credibility of the witnesses it is proper for you to take into consideration all the surrounding circumstances of the witnesses as brought out in the evidence, their interest, if any, in the result of the action, and such other facts appearing in the evidence as will, in your opinion, aid you in determining whom you will believe; and you may also in considering whom you will, or will not believe, take into account your experience and relations among men."

In *Morgan* v. *State* (1921), 190 Ind. 411, it was claimed that an instruction substantially in the language of this one invaded the province of the jury on the question of the credibility of witnesses, but the court held otherwise. It was not error to give this instruction. *Morgan* v. *State, supra; Keesier* v. *State* (1900), 154 Ind. 242; *Adams* v. *State* (1924), *post* 512, 141 N. E. 460.

Appellant also says that instruction No. 12 was erroneous because it "directs the attention of the jury to the fact that the evidence given to prove the general moral character of appellant and all the evidence on cross-examination touching collateral and extraneous matters may be taken into consideration in determining the guilt of the appellant." The interpretation given to this instruction by appellant is

far fetched and unreasonable. The instruction is as follows: "Circumstantial evidence in any criminal case is the proof of such facts or circumstances connected with or surrounding the commission of the crime charged as tend to show guilt or innocence of the accused, so in this case, you may take into consideration all the facts and circumstances as shown by the evidence upon the trial of this cause in determining the guilt or innocence of the defendant."

While it might be said that there is no circumstantial evidence in this case requiring an instruction upon the subject of circumstantial evidence, still no such objection is made to the instruction and when carefully read and considered we do not see how it could have been possible for the jury to have been misled by it. Surely they could not have held it to mean what the appellant says it does. Nothing is pointed out in appellant's brief to indicate that it was in any way harmful to the appellant. The instruction clearly refers to circumstantial evidence concerning the material facts constituting the crime for which appellant was being tried. While this instruction cannot be commended as a model it was not error to give it in this case.

Instruction No. 16, given by the court of its own motion is assailed by the appellant for the reason that, as he says, it casts suspicion on his testimony. This

6. instruction is upon the subject of the weight and credibility of the testimony of the defendant. It is long and somewhat obscure, but the sentence in it which appellant claims to be erroneous is as follows: "If you believe the things to which the defendant has testified as a witness it will become your duty to give to it such force and effect as you deem it to be entitled to when considered in connection with the other testimony given upon the trial relating to the same matters." The general rule of law upon the subject of

testimony of the defendant is "that the testimony of the defendant shall be considered the same as the testimony of any other witness." Of course it is proper for the jury to take into consideration the interest which the defendant has in the result of the trial in arriving at the weight and credit that they will give to his testimony, but after the jury has determined that the things to which the defendant has testified are true then it would not be proper in giving force and effect to such testimony to consider it in connection with the other testimony given upon the trial relating to the same matters. In other words, if upon the trial of the cause the jury has arrived at the conclusion that the testimony of the defendant is true, it cannot be cast aside or disregarded on account of other testimony given upon the trial relating to the same matters. If the jury were satisfied that his testimony was true, it was their duty to believe and act upon it without reference to other testimony. *Hartford* v. *State* (1884), 96 Ind. 461, 467, 49 Am. Rep. 185. The giving of this instruction was harmful error.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

The clerk will issue the necessary warrant for the return of the prisoner to the sheriff of Gibson county.