## SCHEERER *v.* STATE OF INDIANA.

[No. 24,891. Filed December 18, 1925.]

1. INDICTMENT.—*Charging a crime in the language of the statute is sufficient where the statute defining the crime states what acts shall constitute a violation thereof.*—Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. p. 157.

2. INTOXICATING LIQUORS.—*Affidavit charging violation of §1, Acts 1923 p. 70, sufficient without negativing exceptions in other parts of prohibition law of 1917, of which act of 1923 was amendment.*—Affidavit charging a violation of §1, Acts 1923 p. 70, is sufficient without negativing the exceptions contained in other parts of the prohibition law, of which the act of 1923 was an amendment of one section. p. 157.

3. INDICTMENT.—*When statute makes it a crime to do any one of several things, all punishable alike, they may all be charged conjunctively in one count.*—When a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count without duplicity. p. 158.

4. INTOXICATING LIQUORS.—*Affidavit charging in one count sale, barter, exchange, furnishing and giving away intoxicating liquor not bad for duplicity.*—An affidavit charging a violation of §4 of the prohibition law of 1917 as amended in 1923 (Acts 1923 p. 70, §1) which charges in one count that defendant did unlawfully "sell, barter, exchange, give away, furnish and dispose of" one pint of intoxicating liquor was not bad for duplicity.  p. 158.

5. CRIMINAL LAW.—*Ruling on motion for change of venue, when made on conflicting affidavits, is determination of issue of fact, and conclusive on appeal.*—The decision of the trial court on an application for a change of venue as to the existence or nonexistence of excitement or prejudice against the defendant in the county, when made on conflicting affidavits, is a determination of an issue of fact and is conclusive on appeal.  p. 158.

6. CRIMINAL LAW.—*Instruction that a reasonable doubt was one that jury could give a reason for was erroneous.*—An instruction which advised the jury that a reasonable doubt was one that jury could give a reason for was erroneous.  p. 159.

7. CRIMINAL LAW.—*Instruction that it is duty of jury to reconcile testimony, if it can be done, is erroneous, as it must be reconciled, if it can be done, on theory that defendant is innocent.*—In a criminal case, it is the duty of the jury to reconcile the testimony, if it can be done, on the theory that the defendant is innocent, and it is error to instruct the jury that it is its duty to reconcile the testimony if it can be done, without reference to the presumption of innocence.  p. 159.

8. CRIMINAL LAW.—*Error to instruct the jury that in weighing defendant's testimony, it should consider his interest in the case, as it would tend to discredit his testimony.*—After instructing the jury that in weighing the testimony of the different witnesses, it should take into account the interest they have in the case, their manner on the witness stand and the probability or improbability of their testimony, it was error for the court to call the jury's attention to the fact that the defendant had testified in his own behalf and direct it to consider his interest in the case, as that would tend to discredit his testimony.  p. 159.

From Grant Circuit Court; *G. A. Henry,* Special Judge.

William Scheerer was convicted of selling intoxicating liquor, and he appeals.  *Reversed.*

*Charles R. Haller, Hays & Hays* and *John A. Kersey,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Edward J. Lennon, Jr.,* Deputy Attorney-General and *A. B. Cronk,* for the State.

WILLOUGHBY, J.—The appellant was prosecuted by affidavit for an alleged violation of the liquor law. This appeal is taken from a judgment rendered upon a verdict of guilty. The appellant has assigned as error the overruling of his motion to quash the affidavit, for a new trial, and in arrest of judgment.

The charging part of the affidavit is as follows: "Bert O. Renbarger being duly sworn on his oath says: That one William Scheerer  *  *  *  on or about the 1st day of February A. D., 1924, at the county of Grant, State of Indiana, as affiant verily believes, did then and there unlawfully sell, barter, exchange, give away, furnish and dispose of one pint of intoxicating liquor for the sum of five dollars in money to Frank Shugart, then and there being  *  *  *."

The motion to quash the affidavit stated the following grounds: (1) That the affidavit fails to charge a public offense. (2) The language used in the affidavit fails to charge a public offense with sufficient certainty.

The charge is based upon the first section of ch. 23 of the Acts 1923 p. 70.

Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute.

1, 2. *Faulkner* v. *State* (1923), 193 Ind. 663; *Asher* v. *State* (1924), 194 Ind. 553. It was not necessary to negative the exceptions which were contained in other parts of the statute. *Asher* v. *State, supra.*

Appellant says that the affidavit charges four distinct violations of the first prohibitive clause of said §1, Acts 1923 p. 70.

In *State* v. *Schipper* (1923), 193 Ind. 595, it is held that when a statute makes it a crime to do any one of

several things mentioned disjunctively, all of which are punishable alike, the whole may be charged conjunctively in a single count without objection for duplicity. This rule has been followed in numerous decisions in this jurisdiction. The court did not err in overruling the motion to quash the affidavit.

The appellant moved for a change of venue from the county. This motion was verified and supported by affidavits. In it, the affiant, appellant, says that he cannot have a fair and impartial trial of his said cause in Grant county, Indiana, for the following reasons: (1) That an odium attaches to this defendant in said county on account of local prejudice. (2) That an odium attaches to the defendant's cause of defense in said county on account of local prejudice. It is further stated that he could not have made this affidavit and application for the change of venue within the time fixed by the rules of said court for the reason that he had no knowledge of the odium existing against him in said county and against his cause of defense until the evening of May 20, 1924, and that he makes and files said affidavit at the first opportunity and on the first day of court after he learned said facts. Counter affidavits were filed against granting the change of venue controverting the facts alleged in the affidavits in support of such change of venue. This motion for a change of venue was based upon the statutory grounds named in §2235 Burns 1926, §2074 Burns 1914. Section 2239 Burns 1926, §2078 Burns 1914 provides that when an affidavit for change of venue from the county is founded upon excitement or prejudice in the county against the defendant and is filed in a criminal case punishable by death, the court shall grant a change of venue. In cases not punishable by death, it is a matter of discretion with the court whether the change shall be granted. *Leach* v. *State* (1912), 177

Ind. 234; *Hinkle* v. *State* (1910), 174 Ind. 276. The ruling of the trial court on a motion for a change of venue as to the existence of excitement and prejudice upon conflicting affidavits is a determination of an issue of fact and is conclusive on appeal. *Hinshaw* v. *State* (1919), 188 Ind. 447. It was not error to refuse to grant the change of venue.

Under the specifications in his motion for a new trial, appellant says the court erred in giving to the jury instructions numbered 5 and 6, and he assigns error as to the giving of each of them separately.

6.

Instruction No. 5 is as follows: "The court instructs you that a reasonable doubt is not a conjured up doubt, such a doubt as you might seek out to acquit a friend; but it must be a doubt that you could give a reason for, that kind of a doubt as would exist in the mind of a reasonable man, after a full, free and careful examination of all the evidence, such doubt as would cause a careful, considerate and prudent man to pause and consider before acting in the great and most important affairs of life." In this instruction, the court told the jury that a reasonable doubt must be a doubt that you could give a reason for. This instruction was erroneous. *Siberry* v. *State* (1893), 133 Ind. 677.

Instruction No. 6 is as follows: "There is a sharp conflict in the testimony in this case but it is your duty to reconcile it if you can do so and if not to determine whom you will believe. It is your duty to examine and weigh the evidence as it has come to you, and in determining the weight to be given to the testimony of the different witnesses you must take into account the interest or want of interest they have in the case; their manner on the witness stand, the probability or improbability of their testimony with all other circumstances before you which can aid you in weighing their testimony. The defendant has testified

as a witness, and you should weigh his testimony as you weigh that of any other witness, consider his interest in the result of the case, his manner and the probability or improbability of his testimony." The sentences in this instruction as follows: "There is a sharp conflict in the testimony in this case but it is your duty to reconcile it if you can do so and if not to determine whom you will believe," and further on, the statement: "The defendant has testified as a witness and you should weigh his testimony as you weigh that of any other witness, consider his interest in the result of the case, his manner and the probability or improbability of his testimony," are erroneous. In a criminal case, it is the duty of the jury to reconcile the testimony, if it can be done, on the theory that the defendant is innocent. If that cannot be done, then it is the duty of the jury to determine whom they will believe and whom they will not believe. *Farley* v. *State* (1891), 127 Ind. 419. Again, the instruction says, "you should consider the interest of defendant in the result of the case." The effect of this last sentence is to discredit the testimony of the defendant.

When a defendant testifies in a criminal case in his own behalf, his testimony must be considered as the testimony of any other witness and weighed in the same manner, and it is error to direct the jury to consider or weigh his testimony in any other manner. *Kell* v. *State* (1924), 194 Ind. 374.

Other matters discussed in appellant's brief need not be considered, as they are not likely to occur in a retrial of the case.

For error in giving instructions Nos. 5 and 6, the judgment is reversed, with directions to sustain appellant's motion for a new trial.

Gemmill, J., not participating.