## DAVIS *v.* STATE OF INDIANA.

[No. 26,620. Filed July 3, 1936. Rehearing denied October 21, 1936.]

*Hovey C. Kirk, Stanley M. Kreig* and *W. D. Curll,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *James D. Sturgis,* Deputy Attorney-General, *A. R. Stimson, Frank Ely, David D. Corn* and *S. E. Dillin,* for the State.

TREMAIN, J.—The appellant was indicted, tried, and convicted upon a single count of murder in the first degree for killing Annav France, and sentenced to a term of life imprisonment in the state prison. His motion for a new trial was overruled. The causes assigned for a new trial were that the verdict and judgment were contrary to law and not sustained by sufficient evidence. Other objections go to the question of giving and refusing certain instructions.

The evidence discloses that the deceased was killed in the evening of March 29, 1934. At that time she was seventeen years of age, and the appellant was eighteen years of age. Both had attended high school in Petersburg together.

Without a recital of the facts, the court will direct its attention to instructions numbered ten and fourteen, given to the jury by the trial court upon its own motion over the objection of appellant.

Instruction No. 10:

"The court instructs the Jury that if you should find from all the evidence in the case beyond a reasonable doubt that the defendant Ward Davis did shoot and kill Annav France, using a deadly weapon in such manner as was likely to and did produce death, the purpose and intention on the part of the defendant Ward Davis to kill may be inferred from

the act itself. And if you should further find from all the evidence beyond a reasonable doubt that the killing was done purposely without sufficient justification, legal excuse, or reasonable provocation, then malice may also be inferred from such act."

The court stated to the jury that "the *purpose* and *intention* on the part of the defendant Ward Davis to kill, may be inferred from the act itself." This instruction leaves out of consideration the facts and circumstances attending the killing, the explanation of the appellant as to how the killing occurred, and as to why he had the revolver in his possession, and infers a "purpose and intention" to kill although the killing may have occurred by reason of sudden heat, negligence, or by purely accidental means. Furthermore, the instruction states to the jury that if it should find "from all the evidence beyond a reasonable doubt that the killing was done purposely without sufficient justification, legal excuse, or reasonable provocation, when malice may also be inferred from such act." The elements, "sufficient justification," "legal excuse," and "reasonable provocation," have no place in an instruction under the issue joined, because they are not applicable to the evidence. The appellant did not base his defense upon the ground that he was sufficiently justified in shooting, or that he had a legal excuse to perpetrate the act, or that there was any provocation for the act. The question of self-defense did not enter into the trial. On the other hand, the sole defense was that the killing was accidental. This element is entirely omitted from the instruction. The first sentence in the instruction tells the jury that the purpose and intention to kill may be inferred from the act itself. This inference is made the basis in the next sentence for a further inference of malice. The instruction is based upon inferences not drawn from proved facts. The law is that malice may be inferred

from the intentional use of a deadly weapon. But the intentional use must be established by fact, not by an inference based upon another inference. An instruction is erroneous when it is based upon, or assumes, a condition or facts not disclosed by the evidence, and not within the issues. *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568; *Alexander* v. *Capitol Lumber Co.* (1914), 181 Ind. 527, 105 N. E. 45; *Biggs* v. *State* (1929), 201 Ind. 200, 167 N. E. 129; *Morgan* v. *State* (1921), 190 Ind. 411, 130 N. E. 528.

By its instruction Number 14 the court stated to the jury that in a criminal case the jury are the exclusive judges of law and the facts; that in determining the weight of the evidence, and the credibility of witnesses, "you have the right to take into consideration their appearance on the witness stand and their manner of testifying; . . . their bias or prejudice, if any. . . . When you come to the testimony of the defendant you will weigh it by the same rules that you apply to any other witness in the case, and *in addition you have the right* to consider that he is the defendant, and interested in the result of the case. However, *after* you have done that you have the right to give his evidence the same weight that you would give any other witness in the case."

In the beginning of the instruction the court used the expression "you have the right to take into consideration," meaning that it is the duty of the jury to take into consideration, etc. The instruction then follows the usual rule for testing credibility of witnesses and what facts and elements may be considered by the jury. When the court comes to the appellant, the jury are told that his evidence will be weighed by the same rules that apply to other witnesses, and "in addition you have the right to consider that he is the defendant." In other words the credibility of the appellant's testimony was to be

weighed by a different and harsher rule from that used in testing the credibility of other witnesses.

The instruction tends to discredit the testimony of the appellant. It is equivalent to telling the jury that they must keep in mind the fact that the appellant is the defendant and interested in the result of the trial. It distinguished the appellant from other witnesses in the case, and leaves the inference that because he is the defendant, his testimony is not entitled to the same weight as that of other witnesses. Such instructions have always been held to constitute reversible error. *Bird* v. *State* (1886), 107 Ind. 154, 8 N. E. 14; *Scheerer* v. *State* (1925), 197 Ind. 155, 159, 160, 149 N. E. 892; *McClure* v. *State* (1881), 77 Ind. 287; *McIntosh* v. *State* (1898), 151 Ind. 251, 51 N. E. 354; *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277.

*McClure* v. *State, supra,* is particularly applicable to the last sentence in this instruction, wherein the jury were told that "after" they had carefully considered the fact that he was the defendant and was interested, they could then give his testimony the same weight as they would to the testimony of other witnesses. His testimony should be considered along with, and in connection with, all the other testimony in the case, and not after the jury had considered the other testimony.

In the McClure case the jury were told that it is "for you to determine *after* carefully considering all the facts and circumstances in the case," referring to the weight to be given to the appellant's testimony. The court then said, in passing upon the instruction there given:

"The jury should not determine the facts and circumstances of the case without taking into consideration the testimony of the defendant, nor before considering what weight should be attached to such testimony. They should take into consideration the testimony of the defendant for what they may think it to be worth, in connection with all the other

evidence in the cause, in determining what the facts and circumstances of the case are. In determining the weight that should be attached to the testimony, in his own behalf, of a defendant in a criminal prosecution, the jury may, doubtless, take into consideration the fact that he is such defendant; and to what extent, if any, this fact should detract from the credibility otherwise due to his testimony, it is for the jury to determine. In other respects the testimony of such defendant is to be judged of as that of any other witness."

In the Scheerer case, *supra,* the trial court in instructing the jury used the following statement:

"The defendant has testified as a witness, and you should weigh his testimony as you weigh that of any other witness, consider his interest in the result of the case, his manner and the probability or improbability of his testimony."

This instruction was held to be prejudicial to the appellant and reversible error. The trial court also stated to the jury, "you should consider the interest of defendant in the result of the case." This court said the effect of this sentence was to discredit the testimony of the defendant. When a defendant has testified in his own behalf, his testimony must be considered as the testimony of any other witness, and weighed in the same manner, and it is error to direct the jury to consider or weigh his testimony in any other manner.

In *Hartford* v. *State* (1884), 96 Ind. 461, the court had under consideration an instruction of the nature here considered upon the question of the fact that the appellant was the defendant, and its consideration in weighing his testimony. This court stated:

"If it was the duty of the jury, as a matter of law, to consider the fact that the appellant was the defendant, in weighing his evidence, then it would seem to follow that, as a matter of law, his evidence was entitled to less weight on account of the fact referred to. *Woollen* v. *Whitacre,* 91 Ind. 502.

The charge clearly conveyed the idea that as a legal rule of evidence the testimony of the appellant was not entitled to as much weight as that of other witnesses, unless, *after* considering the fact of his being the defendant, they were still able to give him credit. In other words, the jury must have understood that the fact of the appellant being the defendant cast suspicion upon his evidence, entitling it to less weight than it would have been entitled to if he had been a disinterested witness."

The instruction was held to constitute reversible error.

In the instant case the court, by its instruction Number 14, clearly singled the defendant out from other witnesses and clearly discredited his testimony by the use of the phrase, "in addition you have the right to consider that he is the defendant, and interested." This statement at once directed the jury's attention to the fact that the testimony of the defendant was to be weighed by a different scale from that of other witnesses, and therefore was not entitled to the same credit. The instruction was clearly erroneous and constituted reversible error.

Because of the errors committed by the trial court by giving said instructions, the cause must be reversed. Other questions discussed in the briefs are not likely to occur upon another trial, and are therefore not discussed herein.

The judgment of the trial court is reversed with instruction to sustain appellant's motion for a new trial.

Hughes, C. J., concurs in result.

Fansler, J., concurs in result.

Roll, J., dissents in written opinion in which Treanor, J., concurs.

### DISSENTING OPINION.

ROLL, J.—We cannot agree with the majority opinion in holding that instruction No. 10 given by the court on

its own motion, was erroneous. Appellant was indicted for the crime of murder in the first degree, and under the law as it existed at the time of the alleged crime he could only be convicted of murder in the first degree for the reason that the statute, Sec. 10-3401, Burns' Statutes 1933, precluded a conviction of any lesser offense, and this was very clearly and fully explained to the jury in instruction No. 4.

In instruction No. 5, the jury was told that in the crime charged in the indictment there must be the element of purpose, malice and premeditation, and if either of these elements is absent there could be no conviction of the defendant.

In instruction No. 7 the jury again was told in very clear terms that the essence of the offense of first degree murder is the evil or wrongful intention, and without such an evil and wrongful intention there could be no crime, and if they found that the defendant did not intend to kill Annav France, and did not intend to inflict bodily injury on her, they should find the defendant not guilty. And in instruction No. 8 the jury was told that to authorize a conviction of the crime charged the material facts proved must be such that they could be explained upon no reasonable theory except that the defendant is guilty of the crime charged. That if the material facts proved could be explained or accounted for on the theory that the pistol was accidentally discharged, and that the death of Annav France was accidental, then the material facts proved would be explained and accounted for on that theory, and this would be consistent with the innocence of the defendant, and therefore the defendant would be entitled to be acquitted.

Instruction No. 9 we think should be carefully considered, and therefore we set instruction No. 9 out in full, which instruction reads as follows:

"It is the contention of the defendant in this case that the pistol was accidentally discharged, and thus the death of the deceased was the result of such accidental discharge of said pistol. The court instructs you that the law on that subject is this: If you find from the evidence that the pistol was inadvertently or accidentally discharged, without any intention on the part of the defendant to take the life or inflict bodily injury on the deceased; and if you further find that the firing of the said pistol was not done purposely by the defendant, and without malice, as defined in these instructions, or, if you entertain a reasonable doubt on either one or all of the above named elements of inadvertence, intention, purpose, malice, or premeditation, then in that view of the case, the defendant is not guilty of murder in the first degree, and your verdict should be for the defendant."

It will be noticed by this instruction the jury was again very clearly and definitely instructed that if they found from the evidence that the pistol was inadvertently or accidentally discharged without any intention on the part of defendant to take the life or inflict bodily injury on the body of the deceased there could be no conviction, and that if they found that the pistol was not purposely discharged by the defendant there could be no conviction.

Reading the above instruction, together with instruction No. 10, we are fully persuaded that the jury could not have been misled by the omission of the word "intentionally" in instruction No. 10.

The majority opinion holds that instruction No. 10 should have told the jury that if they found that the defendant Ward Davis did *intentionally* shoot and kill Annav France, the instruction would have been correct, but that inasmuch as the instruction omitted the word "intentionally" the instruction was reversible error.

We concede, however, that the shooting must be intentional to constitute murder in the first degree, and

the instruction would have been clearer had it so read, but in view of the other instructions we are convinced that the jury was not misled by the omission of the word "intentional" inasmuch as the controversy in the case hinged primarily upon the question whether or not the pistol was discharged by appellant intentionally or accidentally. There was no contention by appellant or any witness in the case that the pistol was discharged by the careless or negligent use of the pistol by the appellant or that it was fired in self defense or in the heat of passion. Under the evidence the jury was limited to deciding whether or not the pistol was discharged accidentally as contended by appellant or whether it was purposely and intentionally discharged as contended by the state. Inasmuch as the jury was very specifically instructed that if they found that the pistol was accidentally discharged and death to Annav France resulted the defendant should be acquitted, but if they found from all of the evidence that the appellant purposely and intentionally shot Annav France then they would be justified in finding appellant guilty of first degree murder. The instructions must be read as a whole, and in our judgment when thus read the jury was fairly and clearly instructed on the elements which they must find to constitute murder in the first degree.

Neither do we think the instruction is subject to the criticism set out in the majority opinion that it permits an inference upon an inference. If the evidence is such that the jury was warranted and did find that the shooting was done in pursuance to the purpose and intention of appellant to kill, then the purpose and intention to kill was established as a fact the same as any other fact in the case might have been proved, and if they find that the killing was done purposely without sufficient justification, legal excuse or reasonable provocation,

then the jury has the right from these facts to conclude that the killing was done with malice aforethought. We think the instruction upon this point is a correct statement of the law.

Neither do we agree with the majority opinion in holding that instruction No. 14 given to the jury constitutes reversible error. The objectionable part of this instruction, as set out in the majority opinion, is in reference to the weight to be given to the testimony of the defendant and in the use of the words *"and in addition you have the right* to consider that he is the defendant and interested in the result of the case." The instruction clearly explains to the jury that in determining the weight to be given and the credibility of the testimony of any witness they have the right to take into consideration their interest or lack of interest in the result of the case. We cannot but know that the jury, if reasonably intelligent men, are conscious of the fact that the defendant is interested in the result of the case. This fact is before them throughout the trial of the case, and because the court calls their attention to this fact in our judgment had no reflection whatsoever upon the weight given to defendant's testimony and did not in any way cause them to weigh his testimony in any other light than that in which they had a right to do— namely to consider the fact that he is interested in the result of the case and that his testimony should be weighed in the same light as any other witness. That they should consider in weighing his testimony, his demeanor on the stand, the reasonableness or unreasonableness of his story, and the interest or lack of interest in the outcome of the case.

The reading of the instruction will clearly show that no different element or additional handicap was placed upon the defendant's evidence than that of any other witness. While it may be said that the instruction is

awkwardly drawn, yet this fact in our judgment is not sufficient to warrant reversal of this case.

In our judgment the evidence, while conflicting, it is true, is nevertheless entirely sufficient to support the verdict and that the instructions taken as a whole were a fair and correct statement of the law governing the trial of this case, and we are of the opinion that the judgment should be affirmed.

Treanor, J., concurs.