## GARVIN *v.* STATE OF INDIANA.

[No. 270S20. Filed November 10, 1970. No petition for rehearing filed.]

*Phillips B. Johnson,* of Versailles, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was indicted in the Ripley Circuit Court for the crime of accessory after the fact of commission of robbery while armed with a deadly weapon, in violation of Acts 1941, ch. 148, § 6, Burns Ind. Stat. Ann. § 10-4101, and Acts 1905, ch. 124, § 1, Burns Ind. Stat. Ann. § 9-103. Appellant was convicted in a trial by jury and sentenced to ten (10) years in prison.

Appellant's sole contention on appeal is that the trial court erred in giving on its own motion Instruction No. F-22, which reads as follows:

"The law does not compel the defendant to testify as a witness in his own behalf, but he has the right to do so. In this case the defendant has availed himself of this right and you have no right to disregard the testimony of the defendant on the ground alone that he is the defendant and stands charged with the commission of a crime, but you should take into consideration his interest in the result of the case in determining his credibility, and otherwise weigh his evidence as you weigh the evidence and determine the credibility of other witnesses."

Appellant argues that the instruction invades the province of the jury with regard to determining the credibility of the witnesses.

It is well established in Indiana that the jury is the sole judge of the credibility of all the witnesses and an instruction is erroneous as invading the province of the jury to the extent that the trial court would be intimating his opinion of the credibility of any witness or the weight to be given to their testimony. *Pritchard* v. *State* (1967), 248 Ind. 566, 230 N. E. 2d 416; *McDonough* v. *State* (1961), 242 Ind. 376, 175 N. E. 2d 418; *Bohan* v. *State* (1942), 194 Ind. 227, 141 N. E. 323.

It is equally well established that when a defendant testifies in his own defense his testimony must be treated by the court and jury in the same manner as is the testimony of the other witnesses in the case. *McDonough* v. *State, supra; Alder* v. *State* (1958), 239 Ind. 68, 154 N. E. 2d 716; *Swanson* v. *State* (1943), 222 Ind. 217, 52 N. E. 2d 616; *Metzger* v. *State* (1938), 214 Ind. 113, 13 N. E. 2d 519; *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892; *Kell* v. *State* (1924), 194 Ind. 374, 142 N. E. 865. Therefore an instruction concerning the credibility of the defendant or the weight to be given his testimony is erroneous to the extent it tends to single out the defendant and to lead the jury to judge his credibility in a different manner than the way they would judge the credibility of the witnesses.

Appellant argues that the following portion of F-22 violates that principle:

". . . you should take into consideration his interest in the result of the case in determining his credibility, and otherwise weigh his evidence as you weigh the evidence and determine the credibility of other witnesses."

We agree with appellant. The quoted part of F-22 is erroneous in that it singles out appellant's testimony and tells the jury that that testimony was to be judged in the same

manner as the testimony of the other witnesses, *with one exception,* namely, the jury was to specially consider appellant's unique interest in the result of the case. In effect the jury was told that appellant's testimony was *not* to be treated in the same manner as the testimony of other witnesses but was to be weighted by a different and harsher rule.

Our position is fully supported by the past decisions on this point. In *Davis* v. *State* (1936), 210 Ind. 550, 2 N. E. 2d 983, the following instruction was given:

"When you come to the testimony of the defendant you will weigh it by the same rules that you apply to any other witness in the case, and in addition *you have the right* to consider that he is the defendant, and interested in the result of the case. However, *after* you have done that you have the right to give his evidence the same weight that you would give any other witness in the case."

In holding this instruction erroneous this Court said:

"When the court comes to the appellant, the jury are told that his evidence will be weighed by the same rules that apply to other witnesses, and 'in addition you have the right to consider that he is the defendant.' In other words the credibility of the appellant's testimony was to be weighed by a different and harsher rule from that used in testing the credibility of other witnesses.

The instruction tends to discredit the testimony of the appellant. It is equivalent to telling the jury that they must keep in mind the fact that the appellant is the defendant and interested in the result of the trial. It distinguished the appellant from other witnesses in the case, and leaves the inference that because he is the defendant, his testimony is not entitled to the same weight as that of other witnesses. Such instructions have always been held to constitute reversible error.

\* \* \*

In the instant case the court, by its instruction Number 14, clearly singled the defendant out from other witnesses and clearly discredited his testimony by the use of the phrase, 'in addition you have the right to consider that he is the defendant and interested.' This statement at once directed the jury's attention to the fact that the testimony

of the defendant was to be weighed by a different scale from that of other witnesses, and therefore was not entitled to the same credit. The instruction was clearly erroneous and constituted reversible error." 210 Ind. at 553, 556.

In *Alder* v. *State, supra,* the trial court gave the following instruction No. 12:

"The defendant in this case has testified in his own behalf. He is an interested witness, and you have the right to consider his interest in weighing his testimony the same as you would consider the interest of any other witness having a like degree of interest in the outcome of this case."

This Court, in holding that instruction erroneous said:

"In our opinion the last sentence of such instruction singles out the testimony of the defendant-appellant herein, and indicates to the jury that in the opinion of the court he is likely to testify falsely in order to gain his freedom.

\* \* \*

An instruction which told the jury that 'you should consider the interest of defendant in the result of the case' was held in *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892, to discredit the testimony of the defendant. In our opinion the effect of the court's Instruction No. 12 herein is the same.

\* \* \*

When a defendant takes the stand to testify in his own behalf, he is before the court as a witness and should be treated by both the court and the jury in the same manner as are other witnesses.

Appellee has failed to distinguish the instruction here in question from those of similar nature which have consistently been held prejudicial by this court, and we see no reason why we should now change the rule which has been followed over a period of many years." 239 Ind. at 72, 73.

In *Scheerer* v. *State, supra,* this Court held:

"The sentences in this instruction as follows: 'There is a sharp conflict in the testimony in this case but it is your duty to reconcile it if you can do so and if not to determine whom you will believe,' and further on, the statement: 'The

defendant has testified as a witness and you should weigh his testimony as you weigh that of any other witness, consider his interest in the result of the case, his manner and the probability or improbability of his testimony,' are erroneous. In a criminal case, it is the duty of the jury to reconcile the testimony, if its can be done, on the theory that the defendant is innocent. If that cannot be done, then it is the duty of the jury to determine whom they will believe and whom they will not believe. *Farley* v. *State* (1891), 127 Ind. 419. Again, the instruction says, 'you should consider the interest of defendant in the result of the case.' *The effect of this last sentence is to discredit the testimony of the defendant.*

When a defendant testifies in a criminal case in his own behalf, his testimony must be considered as the testimony of any other witness and weighed in the same manner, and it is error to direct the jury to consider or weigh his testimony in any other manner. *Kell* v. *State* (1924), 194 Ind. 374." (Emphasis added.) 197 Ind. at 160.

In *Swanson* v. *State, supra,* the following instruction was given:

"The law gives persons accused of crime the right to testify in their own behalf, but their credibility and the weight to be given to their testimony are matters exclusively for the jury. Therefore, in weighing the testimony of the defendant in this case, you have the right to take into consideration the manner of his testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of the case, as affecting his credibility. You are not required to receive blindly the testimony of such accused person as true, neither are you at liberty to disregard his testimony, but you are to give it due consideration, and to determine whether or not his statements are true, and made in good faith, or only for the purpose of avoiding conviction."

In holding that instruction erroneous, this Court said:

"The giving of substantially the same instruction has been held to be reversible error in numerous cases. . . . In *Fletcher* v. *State* (1909), 2 Okla. Cr. 300, 101 P. 599, the court says:

"We think that it is error for the court to single out any special witness, personally, and burden his testimony

with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse.' " 222 Ind. at 219.

In *Metzger* v. *State, supra,* the trial court gave Instruction No. 11, which read:

"Now, the defendant has taken the witness stand and testified in his own behalf. In so doing, he becomes a witness for himself, and you will scrutinize his testimony as you would that of any other witness, and regard him as a witness in the cause."

This Court approved that instruction on the ground that the instruction did not tell the jury that it should scrutinize the defendant's testimony in any manner different from that of any other witness. See also *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460.

Appellee cites *Bowman* v. *State* (1934), 207 Ind. 358, 192 N. E. 755, and *McIntosh* v. *State* (1898), 151 Ind. 251, 51 N. E. 354, in support of the trial court giving Instruction F-22 in this case. The instruction approved in *Bowman* was identical with one later held erroneous in *Swanson* v. *State, supra.* Although *Bowman* and *McIntosh* were not expressly overruled, the instructions at issue therein have been thoroughly overruled, the instructions at issue therein have been thoroughly disapproved by this Court.

Appellee argues that F-22 is not erroneous when read in combination with Instructions No. P-12 and No. F-23. Instruction P-12 was a preliminary instruction concerning the the credibility of witnesses in general and F-23 was a final instruction concerning the jury's duty to resolve reasonable

doubts in appellant's favor. Those two instructions themselves are not objectionable. However, the giving of those two instructions does not cure the giving of the erroneous Instruction No. F-22. *Steinbarger* v. *State* (1948), 226 Ind. 598, 82 N. E. 2d 519; *Swanson* v. *State, supra.* In the latter case, this Court reversed the conviction because of an erroneous instruction, saying:

> "The error in thus singling out, for special and derogatory emphasis, the subject of appellant's credibility, could not be cured by instructions as to the credibility of witnesses in general. For this error the judgment must be reversed." 222 Ind. at 220.

Judgment reversed.

Hunter, C.J., Arterburn and Givan, JJ., concur; Jackson, J., not participating.

Note.—Reported in 263 N. E. 2d 371.