LEE ROY TAYLOR *v.* STATE OF INDIANA.

[No. 576S148. Filed October 1, 1976.]

*Dennis E. Zahn, Ober, Symmes, Cardwell, Voyles & Zahn,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted in the Marion County Criminal Court, Division II, Honorable William J. Dougherty presiding, of the offense of possession of a controlled substance, heroin, in violation of former Ind. Code

§ 35-24.1-4-1(c) (Burns 1974 Supp.).[1] He was sentenced to fifteen years imprisonment.

Appellant assigns as error: (1) the insufficiency of the evidence to support the verdict of the jury; (2) the giving of an instruction directing the jury to consider the testimony of the appellant, who did in fact testify, in the same manner as other witnesses.

## I.

Appellant was arrested during a search of his house pursuant to a search warrant. A quantity of heroin was found in the pocket of the overcoat which the arresting officers had observed appellant wearing as he entered the house immediately prior to the search, and which the officers had him remove upon his arrest. The heroin was analyzed and weighed by a forensic chemist, who testified that it comprised approximately thirteen and one-half grams of heroin.

Appellant's argument as to the issue of sufficiency, as we understand it, is not that there is an absence of evidence to support any particular element of the crime, but that discrepancies between aspects of the testimony of the arresting officers require this Court to hold as a matter of law that there was no evidence from which it could be found beyond a reasonable doubt that appellant knowingly possessed heroin. Appellant further alleges that the discrepancies represent an "obvious attempt by some of the states [sic] witnesses to distorte [sic] and hide the true factual situation."

The discrepancies referred to are as follows: (1) whether one of the officers was in a parked vehicle or a vacant house during the surveillance of appellant's house which preceded the search; (2) whether one or two packages of heroin were taken from appellant; and (3) whether one of the officers donned a pair of coveralls to search the exterior of appellant's house.

---

1. This statute was repealed in 1975. For present law see Ind. Code § 35-24.1-4.1-6(b) (Burns 1975).

The discrepancies alleged do exist between several officers' testimony. Appellant was free to, and presumably did, argue these discrepancies to the jury, which is the proper body for the determination of witnesses' credibility We need not decide whether a record showing an attempt at intentional misrepresentation would require reversal of a conviction, for we are of the opinion that the discrepancies presented are such as could easily be the result of mistake, poor memory, or the confusion attendant upon a drug raid. The result of such inaccuracy on the officers' credibility was properly left to the jury. This Court assesses testimony and other evidence only to the extent necessary to determine whether there exists substantial evidence of probative value to support the finding of each element of the offense. *Beard* v. *State*, (1975) 262 Ind. 643, 323 N.E.2d 216, 218. Here we find such evidence as to each element of the crime with which appellant was charged, and therefore must conclude that the verdict is supported by sufficient evidence.

## II.

The trial court gave the following final instruction to the jury over appellant's objection:

"INSTRUCTION NO. 29B
The defendant in this case has testified in his own behalf. His testimony should be taken and considered and weighed by you the same as that of any other witness in the case."

Appellant argues that such an instruction may not be given over a defendant's objection, because it singles out the defendant's testimony and implies that it is suspect. Appellant cites *Gross* v. *State*, (1974) 261 Ind. 489, 306 N.E.2d 371, 372, "calling attention to any witness' testimony or indicating in any manner the weight which should be given to a witness' testimony is improper." This language was contained in the court's quotation of a defendant's objection in the *Gross* case. This Court did not express

its approval of the language, and decided the case on different grounds. *Gross* is not authority for the proposition that singling out one witness for commentary is erroneous. However it is the law of this State that the court may not "single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely." *Taylor* v. *State*, (1972) 257 Ind. 664, 668, 278 N.E.2d 273, 276. *Evans* v. *State*, (1973) 261 Ind. 148, 300 N.E.2d 882; *Cherry* v. *State*, (1972) 258 Ind. 298, 280 N.E.2d 818. The rationale for this rule is that the expressing of an opinion by the court invades the jury's province of determining credibility. *Turner* v. *State*, (1972) 258 Ind. 267, 280 N.E.2d 621 (DeBruler, J., dissenting).

We have considered instructions on the credibility of a testifying defendant before. In *Garvin* v. *State*, (1970) 255 Ind. 215, 263 N.E.2d 371, an instruction was given as follows:

> "The law does not compel the defendant to testify as a witness in his own behalf, but he has the right to do so. In this case the defendant has availed himself of this right and you have no right to disregard the testimony of the defendant on the ground alone that he is the defendant and stands charged with the commission of a crime, but you should take into consideration his interest in the result of the case in determining his credibility, and otherwise weigh his evidence as you weigh the evidence and determine the credibility of other witnesses."

We held the giving of this instruction to be error because

> "it singles out appellant's testimony and tells the jury that that testimony was to be judged in the same manner as the testimony of the other witnesses, *with one exception,* namely, the jury was to specially consider appellant's unique interest in the result of the case. In effect the jury was told that appellant's testimony was *not* to be treated in the same manner as the testimony of other witnesses but was to be weighed by a different and harsher rule." 255 Ind. at 217-18, 263 N.E.2d at 372.

In numerous other cases, instructions charging the jury to consider the defendant's interest in the trial's outcome in

considering his testimony have been condemned. *Alder* v. *State*, (1958) 239 Ind. 68, 154 N.E.2d 716 ("He is an interested witness, and you have the right to consider his interest in weighing his testimony. . . .") ; *Swanson* v. *State*, (1943) 222 Ind. 217, 52 N.E.2d 616 (". . . in weighing the testimony of the defendant in this case, you have the right to take into consideration the manner of his testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of the case, as affecting his credibility.") ; *Scheerer* v. *State*, (1925) 197 Ind. 155, 149 N.E. 892 ("you should consider the interest of defendant in the result of the case.").

On the other hand, this Court has approved instructions such as the following:

> Now, the defendant has taken the witness stand and testified in his own behalf. In so doing, he becomes a witness for himself, and you will scrutinize his testimony as you would that of any other witness, and regard him as a witness in the cause. *Metzger* v. *State*, (1938) 214 Ind. 113, 13 N.E.2d 519; *Adams* v. *State*, (1924) 194 Ind. 512, 141 N.E. 460.

The defect in the first group of instructions is that they subject a defendant's testimony to "a different and harsher rule" than that applied to witnesses generally. Appellant's argument that any special reference by the trial court to appellant's testimony suggests to the jury that "there is something wrong with his testimony" is not without some force but we do not consider it compelling.

Criminal defendants were not competent to testify in their own behalf at common law. II J. Wigmore, EVIDENCE § 575 at 683-86 (3d. ed. 1940). This incompetency was removed by statute in Indiana, apparently in 1873, see *Clark* v. *State*, (1875) 50 Ind. 514; our present statutes still provide that criminal defendants may testify. Ind. Code § 35-1-31-3 (Burns 1975). This history reveals that the defendant's testimony has traditionally been viewed with suspicion. We believe that juror confusion as to the proper consideration

of testimony by the accused is likely in the absence of any instruction. Some jurors may receive such testimony with extreme distrust, others may tend, having been instructed that the defendant is presumed innocent, to believe that his testimony must be presumed true. An instruction on the credibility of witnesses in general will be ineffective in this regard unless the jury realizes that a testifying defendant is a witness like any other. The effect of this instruction is to so inform the jury.

Appellant also seeks to analogize this situation to that in which the trial court instructs the jury not to draw inferences from a defendant's failure to testify. In *Gross* v. *State, supra,* we held that such an instruction may not be given over the defendant's objection. The analogy between this case and *Gross* is not valid. *Gross* vested in the defendant control over a procedure intended solely for his benefit. If the defendant concludes that such a warning might be counterproductive, he should be allowed to prevent it, for it has no other purpose than to protect his exercise of his Fifth Amendment privilege.

The instruction given in this case serves to protect the integrity of the fact-finding process of the trial from jurors' tendencies to give defendant's testimony too much or too little credit. It is therefore not intended solely for the benefit of the accused. We do not hold that such an instruction must be given, but find no error in giving it.

The conviction is affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 355 N.E.2d 247.