GEORGE GOSNELL *v.* STATE OF INDIANA.

[No. 277S136. Filed May 26, 1978.]

*Warren D. Krebs,* of Lebanon, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted by jury for violation of IC § 35-24.1-4.1-1(a)(1), delivery of a controlled substance.

He was sentenced to a term of 12 years, 6 months, and fined in the amount of $200.00.

Appellant first claims the trial court erred in overruling his petition for mental examination of the State's witness to the crime, Michael Simone. The general rule is that a witness is clothed with a presumption of competency. When the competency to testify is placed in issue it is the duty of the trial court to schedule a hearing in order to properly determine whether the witness is in fact competent to testify. If the evidence places the competency in doubt, the trial court should order the witness to be examined by a psychiatrist unless the State can show a paramount interest in denying the petition. The trial court has wide discretion in disposing of petitions of this kind and will be reversed only if it has clearly abused that discretion. *Reiff* v. *State,* (1971) 256 Ind. 105, 267 N.E.2d 184; *Wedmore* v. *State,* (1957) 237 Ind. 212, 143 N.E.2d 649.

Appellant's petition requested that the witness be ordered to submit to at least one psychiatric examination because he had a history of mental disease which manifested itself in bizarre mental disturbances, including recent attempts to commit suicide. It further charged the witness with being a heavy user of drugs and a psychopathic liar. At a hearing on the petition the appellant relied solely upon a similar petition for the mental examination of the witness from a prior proceeding. The accuracy of this petition was stipulated by both parties. There was conflicting evidence as to the charge that Simone had undergone psychiatric counselling or attempted to commit suicide. It was shown that he had used hallucinatory drugs while working for the Indiana State Police and had failed to notify the State Police of his drug use until approximately one year from the date of the appellant's alleged drug delivery. However the State demonstrated that Simone had testified on behalf of the State in prior drug related prosecutions. We must therefore conclude that the trial court had more than sufficient evidence

to sustain a finding that Simone was competent to testify at trial. We hold there was no discretionary abuse in refusing to require Simone to submit to psychiatric examination.

During the course of the trial and prior to the resting of the State's case, appellant filed a supplemental list of possible defense witnesses. The State moved to strike this list. The trial court overruled the State's motion. However, the court limited the testimony of the supplemental witnesses to those elements of surprise that the appellant had complained of at trial. It is this limitation of testimony which the appellant cites as error.

When the trial court announced its decision to limit the testimony of the supplemental witnesses, appellant's counsel stated, "[t]hat's fair enough, Judge," and then proceeded to offer his defense without making any objections to the ruling. Failure to object amounts to a waiver of this issue on appeal. A party may not permit a court's action to go unchallenged, then attempt to claim error on the court's action on appeal. Objections must be timely in order that the trial court may correct any possible error. The only exception to this requirement is when failure of the appellate court to consider the trial court's error would deny the appellant fundamental fairness. *Malo* v. *State*, (1977) 266 Ind. 157, 361 N.E.2d 1201.

We see no such exception in the case at bar. There was no attempt to offer evidence other than that outlined by the trial court nor was there any offer to prove as to any testimony which might have been excluded by the ruling. We therefore hold there was no denial of fundamental fairness to the appellant. Any question as to the trial court's limitation of the testimony of supplemental witnesses must be deemed waived.

Appellant alleges there was insufficient evidence to support the verdict. He states that this insufficiency was augmented by the trial court's decision not to require Michael Simone to submit to a psychiatric examination and its decision to limit the scope of examination of

appellant's supplemental witnesses. Appellant's brief, how-ever, fails to set forth legal argument or citation of authority to support his allegations. This issue must also be deemed waived pursuant to Rule AP. 8.3 (A) (7). See also *May* v. *State,* (1976) 265 Ind. 25, 349 N.E.2d 171; *Williams* v. *State,* (1973) 260 Ind. 543, 297 N.E.2d 805.

The trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 376 N.E.2d 471.