DAVID ALLEN CRAIG v. STATE OF INDIANA.

[No. 879S211. Filed May 14, 1980. Rehearing denied July 8, 1980.]

*Douglas D. Seely, Jr.*, of Mishawaka, for appellant.

*Theodore L. Sendak*, Attorney General, *Palmer K. Ward*, Deputy Attorney General, for Appellee.

HUNTER, J. — The defendant, David Allen Craig, was convicted by a jury of possession of a controlled substance, a class D felony, Ind. Code § 35-48-4-7 (Burns 1979 Repl.), and dealing in a narcotic drug, a class B felony, Ind. Code § 35-48-4-2 (Burns 1979 Repl.). He was sentenced to concurrent terms of two and fifteen years respectively and now appeals raising the following issues:

1. Whether the trial court erred in refusing to order a state's witness to identify the confidential informant;

2. Whether the trial court erred in refusing to enforce a subpoena defendant had attempted to serve on a missing witness;

3. Whether the trial court erred in granting the state's motion to strike certain testimony on hearsay grounds;

4. Whether the trial court erred in refusing to give defendant's tendered instruction #8;

5. Whether the court erred in failing to record side bar conferences out of the presence of the jury; and

6. Whether the court erred in permitting the state to question defendant as to his prior possession of certain controlled substances.

A summary of the facts from the record most favorable to the state shows that an undercover police officer, employed by the South Bend Police Department went with a confidential informant to defendant's residence on the evening of November 21, 1977. After a short conversation, the undercover officer asked defendant if he had any P.C.P. Defendant pulled a tinfoil packet our of a ripped section in the arm of the chair in which he was seated and gave it to the officer. The packet contained a tannish powder with dark specks. This powder was later identified as containing phenycyclidine or P.C.P. The officer paid defendant ten dollars for the packet and left. He paid the informant and dropped him off. He used this informant approximately twenty times and always paid him for his services.

Defendant testified on his own behalf and admitted that he had previously been convicted of possession of marijuana, hashish and phendimetrazine, or speed. He was sentenced to serve three years on that charge but the case was on appeal. Defendant admitted he used marijuana but said he did not use "hard" drugs. He denied ever selling P.C.P. to anyone. On cross-examination he admitted possession of marijuana, hashish, and phendimetrazine at the time of his previous arrest.

## I.

Defendant first contends the trial court erred in refusing to order the undercover police officer to identify the confidential informant. He argues that this was very prejudicial since it prevented him from eliciting the informant's testimony concerning the alleged drug transaction. He also argues that he was unaware of the "central role" played by the informant until he heard the police officer's testimony. We are not persuaded by this argument since the informant's role in this transaction was described in the original charging information in sufficient detail to allow defendant to be apprised of his role.

It is well settled that the general policy in this state is to prevent the disclosure of an informant's identity unless such disclosure is relevant and helpful to the defense or is necessary for a fair trial. *Lewandowski v. State*, (1979) 271 Ind. 4, 389 N.E. 2d 706; *McCulley v. State*, (1971) 257 Ind. 135, 272 N.E. 2d 613. Since the state has the privilege to withhold the identity of an infor-

mant, the burden is upon defendant to demonstrate an exception. *United States v. Alvarez*, (9th Cir. 1973) 472 F.2d 111, *cert. denied*, 412 U.S. 921, 93 S. Ct. 2742, 37 L. Ed. 2d 148; *Lewandowski v. State, supra.* It is also generally held that the mere presence of the informant during a sale is not sufficient to overcome the privilege of nondisclosure. *Lewandowski v. State, supra.*

In the instant case, defendant has not shown how the disclosure of the informant's identity would have been relevant or helpful to the defense or essential to the fairness of the trial since the informant's only part in the entire incident was to introduce the undercover officer to defendant. Furthermore, the officer stated at trial that the reason he refused to disclose the informant's identity was that there had been several threats to the informant's life. Thus, the trial court correctly refused to compel disclosure of the informant's identity.

## II.

Defendant next alleges that the trial court erred by refusing to enforce a subpoena he had attempted to serve on a witness, Randy Duranek. He argues that without the testimony of this witness he was denied a fair trial. Defendant believed that Duranek was the informant in the instant transaction, although there is no proof of this since the trial court correctly held that the informant's identity was not to be disclosed.

About four days prior to trial, defendant issued a subpoena for Duranek in care of the Special Operations Division of the South Bend Police Department on the theory that if Duranek was the informant, the South Bend Police Department was the place of his employment. However, no one in the police department knew where Duranek was since he had left the state unexplainably after threats had been made on his life.

It is obvious that this attempted service did not comply with the provisions of Ind. R. Tr. P. 4.1, since defendant did not send a copy of the subpoena by registered or certified mail to the witness's residence or place of employment, nor did he personally serve the witness nor leave a copy at his dwelling house or usual

place of abode, or at his last known address. Since there was no proper service of the subpoena, the trial court correctly ruled that it could not be enforced. *Clay v. State*, (1976) 264 Ind. 495, 346 N.E. 2d 574.

Defendant further argues that the prosecuting attorney was guilty of misconduct because he failed to procure the attendance of this witness after he had allegedly agreed to secure his attendance. However, there is no merit to this contention since the prosecutor stated that the agreement was that he would attempt to help locate the witness through the police *if* defendant wanted him to, but that no specific request for this help was made. No misconduct on the prosecutor's part in connection with this witness has been shown.

### III.

Defendant next contends that the trial court erred in granting the state's motion to strike an answer to a question asked of defendant. The alleged error occurred as follows during the direct examination of defendant:

[MR. BRENNAN, defense counsel:]

Q. "Did we try to serve a subpoena upon Mr. Duranek?"

[DEFENDANT:] A. "Yes, you told me you tried to serve a subpoena through the police department."

Q. "And did Mr. Duranek show up here?"

A. "No."

MR. FARNER [prosecutor]: "Your Honor, the State would move to strike the next to the last response the Defendant has with Mr. Brennan about serving the subpoena. It's pure hearsay and — "

THE COURT: "Sustained."

MR. BRENNAN: "I think it's a little late for an objection."

MR. FARNER: "It's a motion to strike the evidence."

THE COURT: "Motion is granted."

It appears that the question and answer objected to were merely another attempt by defendant to get into evidence the identity of the confidential informant. However, defendant has failed to show any real

prejudice since even though the court granted the motion to strike, such action was not prejudicial in view of the fact that the court did not admonish the jury to disregard the question and answer. We find no error here.

## IV.

Defendant next contends that the court erred by refusing to give his requested instruction #8. This instruction dealt with the presumption which arises against the state when they fail to produce an "absent witness" which they have an opportunity to call. However, in the instant case, there is no evidence that the state could have called the alleged informant, since they consistently maintained they had no knowledge of his whereabouts at the time of trial. It is clear that the refusal of a tendered instruction is not error where such instruction is not supported by the evidence. *Bivins v. State*, (1970) 254 Ind. 184, 258 N.E. 2d 644; *LaDuron v. State*, (1973) 157 Ind. App. 189, 299 N.E. 2d 227. There was no error here.

## V.

Defendant next contends that he should be granted a new trial because the trial court failed to have recorded the side bar conferences which occurred during the course of the trial. It is clear that our Indiana Rules of Appellate Procedure 7.2(A)(3)(c) now provide for a means of presenting evidence or testimony when no report was made or when the transcript is unavailable. Since the adoption of these rules, we no longer grant a new trial merely because a transcript of the evidence is unavailable. *Ruetz v. State*, (1978) 267 Ind. 42, 373 N.E. 2d 152. Defendant did not comply with the rules of this Court which provide for just such a situation as he here complains of. He has therefore waived any alleged error here.

## VI.

Defendant finally contends that the court erred in permitting the state to question him as to his prior possession of certain controlled substances. Defendant took the stand on his own behalf and was questioned by the state on cross-examination about a prior conviction for

possession of controlled substances. He admitted his prior arrest and conviction but stated that this case was on appeal. The prosecutor then asked the following:

BY MR. FARNER: Q. "Mr. Craig, you testified that you had been arrested and convicted concerning the possesion of certain drugs.

"Now isn't it true that you did have the drugs for which you were convicted of in your possession at the time alleged?"

MR. BRENNAN: "Your Honor, I'm going to object. I think he's stated that he was arrested and that he was convicted. I don't know that that case is being tried here. I don't know if we need to go into the facts of the case."

MR. FARNER: "May we approach the Bench, Your Honor?"

THE COURT: "Yes."

(Whereupon, a side bar conference was had out of the hearing of the Court Reporter and the jury.)

THE COURT: "The Defendant's objection is overruled and the witness may answer."

Q. (By MR. FARNER:) "Which would have been the 17th day of December, 1976, it would be the same one you testified to before phendimetrazine, speed, and tetrahydrocabanol, which I believe is hashish?"

A. "Yes.

"The question is whether or not I possessed those drugs?"

Q. "As alleged and as you're convicted of, yes."

A. "I believe that the question is prejudicial, seeing how my case is on appeal."

THE COURT: "It is not prejudicial, even though the case is on appeal, in this Court's opinion, and you'll have to answer the question, sir."

A. "Yes, sir, they did find the drugs there at my house."

Q. (By MR. FARNER:) "That wasn't my question. Did you have them in your possession?"

A. "Yes, there were in my house there, I guess they were in my possession."

It is well settled that a defendant who elects to testify is subject to impeachment, including impeachment by proof of prior convictions. *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E. 2d 798; *Sears v. State*, (1972) 258 Ind. 561, 282 N.E. 2d 807. However, the cross-examination, while it may be vigorous, should not be conducted in such a fashion as to prejudice the defendant before the jury. Many jurisdictions have found reversible error if there is overemphasis of the prior criminal conduct or if the circumstances and details of the prior criminal conduct are excessively explored. *United States v. Dow*, (7th Cir. 1972) 457 F. 2d 246.

While we feel the question in the instant case bordered on an improper inquiry into specific circumstances surrounding a prior conviction, we cannot say there was such an overemphasis of prior criminal conduct as to deny defendant a fair trial. The prior conviction was a final judgment, even though it was being appealed. This prior conviction was admitted for the proper purpose of impeaching defendant's testimony after he had taken the stand in his own defense and the jury was given a cautionary instruction regarding their consideration of prior crimes for impeachment purposes only. Under the circumstances of the case as a whole, we find no error here.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur.

DeBruler, J., concurs in result.

NOTE—Reported at 404 N.E.2d 580.