**Odell MARBLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 881 S 208.

Supreme Court of Indiana.

April 19, 1984.

Nancy L. Broyles, Richard Kammen, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On February 27, 1981, Defendant-Appellant Odell Marbley was found guilty by a jury in the Marion Superior Court of second degree murder. He subsequently was sentenced by the trial judge to a term of not less than fifteen nor more than twenty-five years imprisonment. Appellant now directly appeals and raises the following ten consolidated issues:

1. conduct of *voir dire;*
2. trial judge's remarks to Appellant and his trial counsel;
3. limitation on certain of Appellant's cross-examination;
4. juror not allowed to ask a question;
5. results of a polygraph examination not admitted;
6. jurors not allowed to take notes during trial;
7. jury not excluded from the courtroom when Appellant taken in or out;
8. the State's alleged bad faith;
9. Appellant's tendered instructions 2 and 5 not given; and
10. sufficiency of the evidence.

The facts show that Appellant was living with his girlfriend, Willie Gayles, and her four children on March 10, 1977. At approximately 4:30 p.m. on said date, Gayles went to work leaving Appellant to babysit her children. The children played outside with the neighborhood children until Appellant called the youngest one, four-year-old William Gayles, to come inside. Marbley thereupon bit William with his teeth, beat him and kicked him down the apartment stairs. William's brother, two sisters and Linda Bates, a neighbor, heard William scream and saw Appellant chase him. Appellant delivered one blow to William's abdomen which severed William's lower intestine causing the fluid therein to escape into his abdominal cavity. This resulted in acute peritonitis from which the boy later died. William Gayles died in his bed during the night and was found the next morning by his mother with his abdomen distended and his body marred by bruises and human bite marks.

## I

The trial court conducted a general *voir dire* of the entire jury panel after which each party was given forty-five minutes to question the prospective jurors. The trial court also permitted each party to submit written questions to supplement the oral *voir dire.* Appellant accordingly submitted typed supplemental questions that obviously were prepared before trial. The trial court refused Appellant's supplemental questions but extended *voir dire* beyond the noon recess to allow Appellant to write out additional questions to supplement the questions already asked. Appellant now contends that some of the handwritten supplemental questions were improperly refused by the trial court which found them repetitious or irrelevant.

■ The trial court has broad discretionary powers to regulate the form and substance of *voir dire. Lynn v. State,* (1979) 271 Ind. 297, 392 N.E.2d 449, *reh. denied.* A court also may limit the parties' oral *voir dire* and permit them to submit written questions to supplement the oral *voir dire. Tyson v. State,* (1979) 270 Ind. 458, 386 N.E.2d 1185; *Bradberry v. State,* (1977) 266 Ind. 530, 364 N.E.2d 1183, *reh. denied.* This Court has held that the purpose of *voir dire* is to determine whether a prospective juror is able to deliberate fairly on the issue of guilt and that when an act has been committed to the trial court's discretion, it will be reversed only upon the showing of a manifest abuse of such discretion and a denial to the complaining party of a fair trial. *Lamb v. State,* (1976) 264 Ind. 563, 348 N.E.2d 1; *Muehlman v. Keilman,* (1971) 257 Ind. 100, 272 N.E.2d 591. Appellant now does not show any abuse of discretion by which he was prejudiced.

■ Appellant also contends that the trial court's remarks to Appellant's trial counsel during *voir dire* prejudiced him before the jury. A trial court is vested with the authority to control the proceedings before it and may take reasonable steps to insure that proper discipline and order exist in the courtroom. Here the trial court remarked to Appellant's trial counsel that he wasted time during *voir dire* on irrelevant questions and therefore would not be permitted any more time. Considering the facts and circumstances presented, we do not find that the trial judge went beyond his duty and authority to control the instant proceedings or that his remarks unduly prejudiced the jury against Appellant.

■ Finally, the trial court asked Appellant in open court whether or not he accepted the jury as constituted. Appellant now claims that this prejudiced the jury against him because the jury may have presumed that he did not accept them. Appellant asked for a bench conference to keep the jury from hearing him speak but now claims that the jury nonetheless may have been of the opinion that Appellant was not accepting them as jurors. The State's position is well-taken that Appellant's instant contention is speculative and not supported by the record. The trial court's actions were pursuant to the court's broad discretion to control *voir dire* and maintain order in the courtroom. We do not find any prejudicial harm.

## II

■ Appellant next generally claims that the trial court prejudiced him before the jury by making remarks regarding the time Appellant's trial counsel took to cross-examine Dr. Eisele. Dr. Eisele was the pathologist who performed the victim's autopsy in 1977. At the time of trial, Dr. Eisele was residing in Seattle, Washington. The record indicates an exchange between Appellant's trial counsel and the trial judge regarding the length of time counsel had to cross-examine Dr. Eisele. In said exchange, the court reminded counsel that he was running beyond the time allotted and specifically exhorted counsel to look at his watch "once in a while." The reason for attempting to finish with Dr. Eisele that day was to expedite his return to Seattle. The State now contends that the trial court's remarks were not limited to undue criticism of Appellant's trial counsel. The

State points out that this was an emotional case spanning five days during which the trial court made remarks and admonishments to the prosecution as well as to the defense to maintain control and to keep the trial moving. A trial court should refrain from making unnecessary comments and should remain impartial. Moreover, a trial judge's conduct should be such that his remarks or apparent attitude do not impart to the jury an appearance of partiality. It is important, however, that the trial court control the proceedings by taking responsible steps to insure that proper discipline and order exist in the courtroom. *Lawson v. State,* (1980) Ind., 412 N.E.2d 759, *cert. denied* (1981) 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424. Considering all the facts and circumstances surrounding the trial of this cause, we do not find that Appellant was prejudiced by the particular remarks.

### III

Dr. Eisele's testimony pertained to the victim's cause of death and included his conclusion that the victim was beaten and bitten and died from a blow to his abdomen. Cross-examination of Dr. Eisele began at 4:05 p.m. when the court told Appellant that he would have until 4:45 p.m. to complete his cross-examination. Appellant's cross-examination actually continued until approximately 5:00 p.m. when the trial court indicated that Appellant had had ample time for cross-examination and could not continue. A discussion ensued between defense counsel and the trial court regarding Appellant's alleged need for further cross-examination. The trial court concluded by admonishing counsel that he had wasted his time on irrelevant matters. Appellant now claims that he was deprived of an opportunity to ask Dr. Eisele if the victim's wounds could have been caused by a woman and whether he had been paid to testify for the State.

Since a trial judge is in the best position to observe the trial proceeding, the trial judge should control the extent of cross-examination and accordingly will be reversed only upon an abuse of discretion.

*McNew v. State,* (1979) 271 Ind. 214, 391 N.E.2d 607; *Smith v. State,* (1979) 270 Ind. 579, 388 N.E.2d 484, *reh. denied.* To show an abuse of discretion, a defendant must demonstrate how he was prejudiced by the court's actions. A party generally must be given an opportunity to fully cross-examine a witness and should not be unduly limited by the trial judge. As we have above stated, however, the trial judge has the duty to manage a trial and has the discretion to make determinations and rulings involving the examination of witnesses. Dr. Eisele here testified at length on direct and cross-examination regarding the bruises and bite marks on the victim's body. Considering the limited scope of Dr. Eisele's testimony, we find that Appellant was not denied his right to confront this witness against him. We therefore do not find that the trial court abused its discretion by limiting Appellant's cross-examination of Dr. Eisele. We find no error on this issue.

### IV

After the testimony of State's witness Major Harold Young of the Marion County Sheriff's Department and after the admission of certain statements Young took from Appellant and Willie Gayles, Juror No. 9 requested permission to ask a question. The trial judge thereupon stated that since much evidence was being presented to the jury and he did not think that he had the time to field questions from the jury, he refused to accept the question from that juror. Appellant now claims reversible error citing *Carter v. State,* (1968) 250 Ind. 13, 234 N.E.2d 650. In *Carter,* this Court held that it was reversible error for a trial court to forbid juror questions in the preliminary jury instructions. The instant case, of course, does not involve a preliminary instruction by the trial court. The record shows that Appellant did not object to the trial court's action nor in any way raise this contention before the trial court. This issue therefore was waived by Appellant. *See Morlan v. State,* (1981) Ind., 429 N.E.2d 240.

## V

▆▆ Appellant filed a motion with the trial court asking that evidence of Appellant's polygraph examination be admitted into evidence. Although there had been some pretrial discussion between Appellant and the prosecution regarding the possibility of admitting Appellant's polygraph results if such an examination was taken, there was no stipulation to admit said results or written waiver by the parties. The trial court accordingly denied the motion to admit the results. We previously have held that a signed, enforceable stipulation is necessary before the court may admit polygraph examination evidence. *Dean v. State*, (1982) Ind., 433 N.E.2d 1172, *Supplemented* Ind., 441 N.E.2d 457; *Kimmel v. State*, (1981) Ind., 418 N.E.2d 1152, *cert. denied* 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239. Since there was no stipulation to admit the polygraph results, the trial court acted properly by denying Appellant's motion to admit such evidence.

## VI

▆▆ Prior to trial, Appellant moved to permit jurors to take notes during the course of the trial and offered to provide them with paper and pencils. The trial court denied the motion. This Court has held that it is within the trial court's discretion to determine whether or not it is reasonable for jurors to take notes to support their memory with respect to the complexities of a particular case. We further held that an abuse of such discretion must be shown to constitute error. It does not appear from the record that this cause was so complex and the evidence so filled with detailed times, dates and facts that the trial judge abused his discretion by determining that the jurors would not be permitted to take notes. We do not find that Appellant has shown any reversible error on this issue.

## VII

▆▆ Prior to the commencement of jury selection, Appellant filed a motion alleging that since he was incarcerated in lieu of bail and because the lock-up area where he would be held immediately prior to trial was distinguishable from the public entrance to the courtroom, the jury should be removed from the courtroom when Appellant was brought into court from the lock-up area or returned to the lock-up area. The trial judge denied the motion. Appellant now claims that his motion sought what is the logical extension of *Estelle v. Williams*, (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126. In *Estelle*, the United States Supreme Court held that a state cannot compel an accused to stand trial in identifiable jail clothing. Appellant was not tried in jail clothing. He was brought into court and removed through the courtroom door nearest the lock-up area as was the general practice in that court. Although this door was not used by the general public, the record does not indicate that it was distinguishable from any of the other courtroom doors nor was there any showing that the jury could tell that Appellant was leaving by the door leading to the lock-up. This Court has held that no prejudicial harm occurred when a jury in the hallway during recess inadvertently saw a defendant taken through a barred door from a lock-up area. *Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523, *reh. denied.* Moreover, we have held that no prejudice occurred when a jury observed a defendant in handcuffs since a reasonable jury would expect one charged with murder to be under police restraint. *Johnson v. State*, (1977) 267 Ind. 256, 369 N.E.2d 623, *cert. denied* (1978) 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791. Control of the proceedings is within the trial court's discretion and a reversal will be required only when there is shown a manifest abuse of discretion and the denial of a fair trial to the complaining party. *Lawson, supra.* No such abuse is shown here.

## VIII

On the fourth day of trial and during the presentation of Appellant's case, Appellant moved for dismissal. Appellant's motion was based on certain alleged conversations

between Appellant's trial counsel and a deputy prosecutor wherein the deputy prosecutor allegedly indicated that she doubted Appellant's guilt and wanted to get off the case. Appellant now contends that the court erred by failing to hold a hearing on this motion.

 A prosecuting attorney is vested with broad discretion in the performance of his or her duties including his or her duty to determine whether or not to pursue an action. The duties of the trial court pertain to determining whether or not there is sufficient probative evidence presented to permit a cause to be submitted to the jury. If the trial court finds that there is not sufficient evidence presented to the jury to sustain the charge, it is within the trial court's authority to direct the jury to enter judgment for the defendant. That is not the situation here. The instant trial court had heard several days of testimony implicating Appellant in the victim's death. Ind.Code § 35–3.1–1–8(e)(1) (Burns 1979) (repealed effective September 1, 1982) provides that the trial court may deny a motion to dismiss without conducting a hearing if the moving papers do not allege a ground constituting a legal basis for dismissal. These grounds are enumerated in Ind.Code § 35–3.1–1–4 (Burns 1979) (repealed effective September 1, 1982). Appellant did not raise any of the grounds enumerated in § 35–3.1–1–4. Moreover, Appellant's motion did not ask the trial court to weigh the evidence before it and to direct a verdict but rather asked the trial court to investigate into the attitude of the prosecuting attorney regarding an alleged hesitation to pursue the case. The motion therefore presented no lawful issue for the trial court to decide. There is no merit to Appellant's position here.

### IX

 Appellant also claims that the trial court erred by refusing his tendered instructions 2 and 5. Appellant submitted instruction 2 which proposed to tell the jury about lesser included offenses and the jury's obligation to convict of a lesser de-

gree when there is a reasonable doubt between two degrees of an offense. It is proper to instruct a jury that when a jury has no reasonable doubt about the lesser degree offense but has a reasonable doubt as to the greater degree offense, the jury should convict of the lesser degree offense. Appellant's proposed instruction did not clearly explain this, however, and tended to be confusing. Moreover, the trial court instructed the jury on lesser included offenses. Considering the extensive direct evidence of Appellant's criminal acts presented to the instant jury and the totality of the instructions actually given, we do not find that the trial court committed reversible error by refusing Appellant's instruction 2.

 Appellant's tendered instruction 5 proposed to tell the jury that Appellant's testimony in his own behalf should be considered and weighed the same as the testimony of any other witness in the case. The instruction also editorialized on the manner in which the jury should weigh Appellant's testimony. It specifically indicated that the jury should test Appellant's credibility and resolve in his favor any doubt arising from the evidence, the absence of evidence, conflicts in the evidence or conflicts in Appellant's testimony. The instruction further instructed the jury that if Appellant's testimony alone raised a reasonable doubt as to the truth of any material allegation in the indictment, the jury would not be warranted in convicting Appellant. This Court has held that an instruction telling the jury that the defendant's testimony should be considered and weighed the same as that of any other witness does not have to be given although there is no error in giving it. *Taylor v. State,* (1976) 265 Ind. 433, 355 N.E.2d 247. We also have held that the trial court did not commit error by modifying a defendant's tendered instruction by limiting said instruction to the language in *Taylor. Lottie v. State,* (1980) Ind., 406 N.E.2d 632, *reh. denied.* A trial court is not required to give an instruction that is improper as written and which requires modification in

order to make it proper. Since Appellant's tendered instruction 5 was improper, the trial court did not err by refusing to give it.

## X

 Finally, Appellant claims that there was insufficient evidence for the jury to convict him of second degree murder. We consistently have held that we do not reweigh the evidence nor judge the credibility of witnesses and will consider only that evidence most favorable to the State with all reasonable inferences drawn therefrom. When there is substantial evidence of the offense, the verdict of the jury will not be disturbed. *Begley v. State,* (1981) Ind., 416 N.E.2d 824.

 In the instant case, there was direct evidence by many witnesses that Appellant called the victim into the house and was seen chasing and beating him. The victim's brother and sister testified that Appellant beat the victim and that Appellant threatened to do the same to them if they told anyone about what he had done. Bite marks on the victim were examined by a forensic dentist who rendered his opinion that they were consistent with marks made by Appellant's teeth. The cause of death was a blow which severed the victim's small intestine causing him to die painfully some hours later from peritonitis. We now find that there was more than sufficient evidence to justify the jury in finding Appellant guilty of second-degree murder.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.