Dennis MENGON, Appellant,

v.

STATE of Indiana, Appellee.

No. 484S127.

Supreme Court of Indiana.

March 30, 1987.

Rehearing Denied June 30, 1987.

Robert R. Garrett, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a finding of guilty of Dealing in a Controlled Substance, a Class B felony. Appellant was sentenced to a term of fourteen (14) years.

The facts are: On November 24, 1981, appellant sold phencyclidine to undercover Hammond police officer James Lawson for the sum of $300. Lawson was introduced to appellant by two confidential informants at a bar referred to as the "Zoo" in Whiting, Indiana. The informants were introduced to appellant by appellant's friend, Tina Nednien, who had previously worked as a confidential informant. During this transaction, appellant agreed to sell additional quantities of this substance to Lawson in the future. On December 10, 1981, Lawson again purchased phencyclidine from appellant for $300.

Appellant contends the trial court erred by denying his motion for disclosure of the identities of the confidential informants. Appellant maintains that he was not at the "Zoo" on the evening of November 24, 1981, and therefore he could not have been introduced to Officer Lawson.

■ The general policy in Indiana is to prevent the disclosure of an informant's identity unless such disclosure is relevant and helpful to the defense of the accused or is essential to the fair determination of the cause. *Craig v. State* (1980), 273 Ind. 361, 404 N.E.2d 580. Since the State has the privilege to withhold the identity of an informant, the burden is upon the defendant seeking disclosure to demonstrate an exception. *Davenport v. State* (1984), Ind., 464 N.E.2d 1302.

In the present situation, the only purpose the confidential informants served was to introduce Officer Lawson to appellant at the "Zoo" on the evening of November 24, 1981. At the time of the incident, the informants were involved in pending investigations conducted by law enforcement officials. If the informants' names were revealed, the investigation and their lives would have been placed in jeopardy. Furthermore, appellant strongly suspected that a certain acquaintance was one of the confidential informants. Appellant could have deposed that person or issued a subpoena for him to appear as a defense witness at trial.

■ Appellant has failed to demonstrate how disclosure of the informants' identities would have been relevant or helpful to the defense or essential to the fairness of the trial. The trial court did not err.

Appellant next contends the trial court erred by refusing to order Lawson to submit to a psychiatric examination.

■ Generally, a witness is clothed with a presumption of competency. *Gosnell v. State* (1978), 268 Ind. 429, 376 N.E.2d 471. When competency to testify is placed in issue it is the trial court's duty to schedule a hearing to determine whether the witness is in fact competent to testify. *Id.* If the evidence places competency in doubt, the trial court should order the witness to be examined by a psychiatrist unless the state can show a paramount interest in denying the petition. *Id.* The determination that a witness is competent is within the discretion of the trial court and will be reversed only if that discretion is clearly abused. *Stewart v. State* (1982), Ind., 442 N.E.2d 1026.

■ Appellant maintains that his motion for a psychiatric examination was summarily denied without a hearing. Appellant's contention is without merit. The record reflects that the trial court denied appellant's motion on April 8, 1983, after conducting a competency hearing. During the hearing, Lawson acknowledged that he was a recovering alcoholic and that he voluntarily sought and received treatment for this condition at Ingalls Memorial Hospital during February and March of 1983. Before ruling on the motion, the trial court also heard testimony from the defense counsel, the deputy prosecuting attorney and Manu-

el Gonzalez, a social worker unacquainted with Lawson. We find the trial court did not abuse its discretion in denying appellant's motion.

Appellant also contends the trial court erred by denying his motion for production of Officer Lawson's medical records.

■ However, appellant's failure to present any argument or citations of authority in support of this contention constitutes waiver of the alleged error. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73.

Appellant next contends the granting of the State's motion for continuance and the trial court's scheduling of the trial caused injury to him.

On March 10, 1983, the State filed its verified motion for continuance, informing the trial court that the State's witness, Officer Lawson, was hospitalized at Ingalls Memorial Hospital in Harvey, Illinois, and would be unavailable for trial until the end of March 1983. At the hearing on the motion, defense counsel noted that twenty-seven witnesses had been subpoenaed for the anticipated trial date of March 21, 1983, and that a continuance would conflict with defense counsel's other obligations. The trial court, after listening to arguments by both counsel, granted the continuance.

■ The granting of a motion for continuance lies within the sound discretion of the trial court and will be reversed only upon a showing of clear error. *Woods v. State* (1985), Ind., 484 N.E.2d 3.

■ The court reset the trial to a date agreed upon by both the defense counsel and the prosecuting attorney and also indicated that appellant could recover his costs for the service of subpoenas issued to witnesses for the March 21, 1983, trial date. Further, it appears that the court had justifiable grounds in granting the continuance in light of the surrounding circumstances at the time. Therefore, we see no error that unduly prejudiced the appellant.

Next, appellant argues that the delay in obtaining Richard Hart's testimony due to the trial court's schedule caused injury to his cause.

According to defense counsel, a subpoena was issued for Richard Hart's attendance on the following trial dates: March 21, May 9, May 11 and May 16. The trial court recessed on May 20, 1983. Appellant attempted to call Hart as a witness when the court reconvened on May 25, 1983, but he was not present. Defense counsel did not call another witness. Later that day, the State called Hart as a rebuttal witness and defense counsel cross-examined him.

■ Appellant fails to demonstrate any prejudice resulting from the scheduling of the trial. We find no error.

Appellant also complains the trial court did not conduct a hearing on his motion for mistrial.

Appellant filed his motion for mistrial on May 25, 1983, alleging the trial court's schedule caused defense counsel the inconvenience of rescheduling witnesses and prejudiced appellant's opportunity for a fair trial because the jurors may have forgotten the evidence.

■ The denial of a motion for mistrial is within the sound discretion of the trial court and absent a showing that defendant was placed in a position of grave peril to which he should not have been subjected, its ruling will not be disturbed. *Palmer v. State* (1985), Ind., 486 N.E.2d 477.

Appellant has failed to demonstrate that he was placed in a position of grave peril due to the denial of his motion for mistrial. Moreover, a hearing on appellant's motion for mistrial would have served little purpose since there were no disputed factual issues to be considered. Therefore, the trial court did not abuse its discretion by not conducting a hearing on appellant's motion.

Appellant next contends the trial court erred by allowing the deputy prosecutor, during cross-examination, to question Tina Nednien regarding her prior conviction for a Class A misdemeanor.

■ Appellant fails to demonstrate any prejudice resulting from this line of questioning. During cross-examination, Nednien acknowledged that she previously en-

tered a plea of guilty to possession of a controlled substance and that as part of her plea agreement she agreed to provide the Whiting Police Department with names. The trial court requested the prosecutor to correct any impression resulting from the remark that she was convicted of a felony rather than a misdemeanor. The record does not indicate that the prosecutor persisted in continuing to make such statements after the trial court gave its admonishment. It appears the trial court did take the curative measures appellant requested and there is no reason to presume they did not have the desired effect. Without a showing of prejudice, we fail to find reversible error.

Appellant also contends that he was denied a fair trial by the deputy prosecutor's alleged misconduct during cross-examination of various witnesses.

The standard to determine whether prosecutorial misconduct has occurred is whether the conduct under all circumstances was designed to arouse the passions of the jury or place the defendant in a position of grave peril. *Brumfield v. State* (1982), Ind., 442 N.E.2d 973. This determination depends on the probable persuasive effect of the misconduct on the jury's decision and whether there were repeated instances of misconduct. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093.

During cross-examination, the prosecutor asked Tina Nednien if she used drugs during November 1981 and if appellant was her supplier. The prosecutor claimed the questions were posed to demonstrate bias on the part of the witness. We do not believe these questions were improper as they were made after Nednien placed her character in issue.

Appellant mentions other instances of alleged misconduct. However, there is no evidence the alleged misconduct was intended to arouse the passions of the jury or put appellant in a position of grave peril. We defer to the discretion of the trial judge who was on the scene and in the best position to evaluate the conduct, its propriety, its inadvertence and its impact, if any, on the jury and the fairness of the proceedings. We find the probable persuasive effect of the prosecutor's conduct on the jury's decision was negligible. There is no error.

Appellant next contends the trial judge failed to maintain an impartial and neutral position during the course of the proceedings.

First, appellant claims the trial court prejudiced him before the jury by making unfavorable comments to defense counsel.

It is without question that a trial judge has a duty to remain impartial and refrain from making unnecessary comments or remarks. *Cornett v. State* (1983), Ind., 450 N.E.2d 498. However, a trial judge also has a duty to manage the proceedings and take responsible steps to ensure that proper discipline and order exist in the courtroom. *Marbley v. State* (1984), Ind., 461 N.E.2d 1102.

The record is replete with the exchange of combative remarks between the defense counsel and the trial judge. Although we do not condone this type of behavior, we fail to see how these comments demonstrate that the trial judge abandoned his position of impartiality and neutrality. The trial judge acted within the scope of his authority to control the instant proceedings. We do not find that the trial judge's remarks unduly prejudiced the jury against appellant.

Second, appellant claims the trial court abused its discretion by not limiting the length of time the prosecutor had to cross-examine various witnesses.

Generally, a party must be afforded an opportunity to fully cross-examine a witness and should not be unduly limited by the trial judge. *Id.* However, the scope and extent of cross-examination is within the sound discretion of the trial judge and will be reversed only upon an abuse of discretion. *Id.*

Appellant fails to demonstrate how he was prejudiced by the court's action. There is no error.

Third, appellant claims the trial court abused its discretion by overruling his objections.

Although appellant provided citations to the record, he failed to present any cogent argument or authority to support his contention. Therefore, any claim of error is waived. *Smith v. State* (1984), Ind., 465 N.E.2d 1105.

Considering all the facts and circumstances surrounding the trial of this cause, we do not find that the trial judge failed to maintain an impartial and neutral position during the course of the proceedings.

Next, appellant contends the trial court erred by allowing the prosecutor to refer to defense counsel's pretrial statements that appellant was out of the state on November 24, 1981.

Prior to trial, the defense counsel made the statement that appellant could not have been introduced to Officer Lawson at the "Zoo" on November 24, 1981, because he was incarcerated in the Houston City Jail. Defense counsel was later informed that this information was incorrect. Appellant had been released from the Houston City Jail on November 21, 1981. The trial court and the prosecutor were notified that appellant would no longer rely on that alibi. Appellant then filed a notice of alibi on February 8, 1983, which indicated that appellant visited the Ruzich Funeral Home in Whiting, Indiana, during the evening of November 24, 1981, and then proceeded to Pat's Tavern. Appellant argues the prosecutor used these prior inconsistent statements to prejudicially impeach appellant's testimony regarding his alibi.

The admission or rejection of evidence is within the sound discretion of the trial court. *Wallace v. State* (1985), Ind., 486 N.E.2d 445. Generally, evidence is admissible if it has a tendency to prove or disprove a material fact. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083. However, evidence otherwise admissible may be excluded if its probative value is substantially outweighed by the prejudicial impact to the defendant. *Id.*

Whether appellant was present at the "Zoo" on the evening of November 24, 1981, is a material fact. Appellant has failed to demonstrate any prejudice resulting from the admission of these statements. We therefore see no abuse of discretion that would justify a finding of reversible error.

Finally, appellant argues the trial court erred by rejecting a statement made by the trial court during a pretrial hearing regarding the disclosure of the confidential informants. Appellant claims that during the hearing, the trial judge commented that Officer Lawson was not a believable witness.

The trial court's statement does not appear in the record. Appellant failed to provide a supplemental record which contained the alleged error. Therefore, the issue is deemed waived. Ind.R.App.P. 8.3(A)(7).

It would have been improper for the defense counsel to recite to the jury the trial court's opinion of Officer Lawson's credibility. It is the province of the jury, not the trial court, to weigh the evidence and to determine the credibility of the witnesses at trial. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056. Therefore, the trial court did not err by rejecting such a statement.

The trial court is in all things affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.