STATE of Indiana, Appellant–Plaintiff,

v.

Leonard COOK, Appellee–Defendant.

No. 32A04–9105–CR–167.

Court of Appeals of Indiana, Fourth District.

Dec. 10, 1991.

---

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-plaintiff.

Thomas G. Brenton, Brenton & Brenton and Arthur R. Welling, Jr., Danville, for appellee-defendant.

CONOVER, Judge.

Plaintiff–Appellant State of Indiana appeals from an order of the Hendricks Circuit Court directing the State to disclose the identity of a confidential informant to Defendant–Appellee Leonard Cook.

We reverse.

The restated issue presented for review is:

whether the defendant presented sufficient evidence to justify the disclosure of the identity of a confidential informant for purposes of challenging the probable cause of a search warrant.

The record shows state and local police officers obtained search warrants for Cook's apartment, the tavern he owned, a small home located directly behind the tavern, and his truck. The search warrants were issued on the affidavit of Indiana State Trooper James White. He stated he had good cause to believe Cook was dealing in illegal substances. He based his belief on an anonymous tipster's call detailing Cook's trip to Mexico or Texas to pick up drugs and return them to Indiana for distribution from his tavern. The caller also indicated Cook would bring the drugs back in a spare tire of his truck.

Trooper White also based his belief on a subsequent confidential informant's statement pertaining to a discussion she overheard in which Cook described how he had returned from Texas with drugs concealed in a spare tire. This informant had previously given correct information leading to successful completions of two other investigations.

Upon execution of the warrants, the officers found traces of a green, leafy substance in a slashed spare tire from the truck and in the house behind the tavern. They also found ten pounds of marijuana, small quantities of other drugs, and drug related paraphernalia in Cook's apartment. Although no drugs were found at the tavern, the police did find Cook's girlfriend, Ethel Pirtle, on the premises. Pirtle confessed her involvement in Cook's drug selling scheme and admitted accompanying him on his trip to Texas.

Cook and an alleged co-conspirator were arrested at Cook's apartment. They were both charged with drug-related offenses.

Cook subsequently filed a "Motion For Order Requiring State To Reveal Identity Of Confidential Informant", in which he alleged "that false information was provided to the State of Indiana in obtaining the search warrant and that the same was made knowingly, intentionally or with reckless disregard for the truth." (R. 36). The motion also indicated Cook's willingness to present evidence at a hearing.

Cook later filed a "Motion To Suppress Evidence" and supporting memorandum in which he alleged certain errors in the infor-

mation provided to the police by the tipster and the confidential informant. Cook also filed a "Motion To Compel Disclosure" alleging his desire to depose the confidential informant "to insure the defendant a fair and impartial trial." (R. 70–71).

The parties discussed the motions in a status conference on April 30, 1991. On May 1, 1991, the court ordered the State to reveal the identity of the confidential informant. Upon the State's motion, the court certified the issue of disclosure for interlocutory appeal.

⬛ The general rule in Indiana is to prohibit disclosure of an informant's identity unless the defendant can demonstrate disclosure is relevant and helpful or is necessary for a fair trial. *Brock v. State* (1989), Ind., 540 N.E.2d 1236, 1239, *reh. denied.* The burden is upon the defendant seeking disclosure to demonstrate an exception to the general rule. *Mengon v. State* (1987), Ind., 505 N.E.2d 788, 790, *reh. denied.*

The general rule was discussed by the U.S. Supreme Court in *McCray v. Illinois* (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, *reh. denied,* 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616, wherein the Court approved Professor Wigmore's description of the testimonial privilege of informants as well established and unquestionably sound. 87 S.Ct. at 1061.[1] In *Dole v. Local 1942, et al.* (1989 7th Cir.), 870 F.2d 368, the Seventh Circuit described the underlying concern of the rule as "the common-sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." 870 F.2d at 372. The court went on to hold the privilege will not yield to permit "a mere fishing expedition", or be overcome by "bare speculation that the information may possibly prove useful." *Id.* at 373.

⬛ In his two motions for disclosure, Cook made bare assertions concerning the necessity of knowing the informants' identities. In his brief in support of one of the motions, he discussed what he considered to be material differences in the informants' information to the police and the actual facts of his drug enterprise.[2] At no time was any actual evidence presented to the trial court·to justify disclosure. The record contains nothing indicating Cook was doing anything other than fishing for a way to extricate himself from his troubles.

Reversed.[3]

MILLER and SHARPNACK, JJ., concur.

---

1. The Court also noted that Professor Wigmore was "not known as an enthusiastic advocate of testimonial privileges generally...." 87 S.Ct. at 1061.

2. Even if all the allegations made in Cook's brief were true, the discrepancies between the informants' descriptions and the actual facts of that enterprise were not sufficient to call the informants' credibility into doubt.

3. Cook suggests the trial court's order to disclose was a sanction occasioned by the State's tardiness in responding to his original motion. Therefore, he argues the order can only be overturned for abuse of discretion.

We see nothing in the record to indicate the trial court's order constituted a sanction for the State's admitted tardiness. Furthermore, the exposure of an informant is not a proper sanction against the State under these circumstances.