## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2018, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephenie K. Gookins
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rayshaun Melvin Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 26, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-667 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul A. Felix, Judge <br><br> Trial Court Cause No. <br> 29C01-1605-F5-3732 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Rayshaun Jones was convicted of fraud on a financial institution, a Level 5 felony. The trial court sentenced Jones to four years with 545 days executed in the Indiana Department of Correction and the balance suspended without probation. Jones now appeals his conviction and sentence, raising two issues for our review: (1) whether the evidence is sufficient to sustain his conviction; and (2) whether the trial court abused its discretion in sentencing him. Concluding the evidence is sufficient and the trial court did not abuse its discretion in sentencing, we affirm.

# Facts and Procedural History

[2] On May 4, 2016, Forum Credit Union received an online loan application for $47,195.00. The loan application listed the name of the applicant as "Rayshaun M. Jones" and provided a social security number and a date of birth. Exhibit Binder, Volume 4 at 4, State's Exhibit No. 1. Two days later, on May 6, Ellen Rosebrock, an employee at the Forum Credit Union branch in Carmel, received an email from Forum's consumer lending department regarding Jones' loan application. The email stated that Jones would stop by the branch to open an account and to finalize a $47,000 loan in order to purchase a Porsche, as well as to obtain a personal, unsecured loan for an additional $15,000.

[3] Later the same day, Jones arrived at the branch and Rosebrock informed Jones that she was aware of his loan requests and his intent to open an account with

Forum. Jones said "yes." Transcript of Evidence, Volume 2 at 110. Jones further indicated that his name, social security number, and date of birth were correct on the loan application. Rosebrock then informed Jones that in order to open an account with Forum, he would need to provide two forms of identification, such as a driver's license and credit card bearing his name. Jones provided a debit card and a Michigan driver's license. Using this information, Rosebrock opened an account for Jones and Jones provided Rosebrock with a document that he stated was a purchase agreement for the Porsche. Rosebrock noticed that the document had the "exact same layout" as a document submitted to Forum "the day before" as part of a fraudulent request to obtain an auto loan. *Id.* at 121. Rosebrock testified that the document had:

> the exact same layout with the exact same framing, center column, signature lines, disclaimer on the left, font size and type. The only difference was the name of the dealership and the sales price and the car being purchased.

*Id.*

[4] Suspicious, Rosebrock alerted Forum's fraud department by email and Forum reported the activity to the Carmel Police Department. During this time, Rosebrock continued to ask Jones about his job since Jones stated on his loan application that he was an engineer. Jones indicated that he "didn't know what type of engineer he was[,]" and when Rosebrock inquired, "are you mechanical, electrical?" Jones responded, "oh, yeah, yeah, that one." *Id.* at 125. Jones also claimed to earn over $9,000 a month and provided Rosebrock

with an invalid Texas address as his former residence. Jones then provided a Michigan address, but the address did not match the address on his driver's license.

[5] Soon thereafter, Lieutenant Timothy Byrne of the Carmel Police Department arrived at the branch. Lieutenant Byrne spoke with Jones and requested his identification. Jones provided Lieutenant Byrne with a Michigan driver's license and stated that he was opening a savings account while denying having applied for any loans. Jones further stated that he recently moved to Indianapolis, but he could not provide Lieutenant Byrne with an address or "a complete social security number." *Id.* at 157. Lieutenant Byrne removed Jones from the bank, placed him in handcuffs, and transported him to the Carmel Police Department.

[6] The State charged Jones with identity deception and fraud on a financial institution, both Level 5 felonies. The case proceeded to a jury trial on January 8, 2018. Following the presentation of the State's evidence, Jones made an uncontested motion for a directed verdict as to identity deception and the trial court granted the motion. The jury subsequently found Jones guilty of fraud on a financial institution.

[7] On March 15, 2018, the trial court entered judgment of conviction and sentenced Jones to four years in the Department of Correction with 545 days executed and the balance suspended without probation. Jones now appeals his conviction and sentence.

# Discussion and Decision

## I. Sufficiency of the Evidence

### A. Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We consider only the evidence supporting the judgment and any reasonable inferences drawn therefrom, *id*., and we will affirm the conviction "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (citation omitted).

### B. Fraud on a Financial Institution

Jones contends the State failed to present sufficient evidence to sustain a conviction for fraud on a financial institution, a Level 5 felony. We disagree.

Indiana Code section 35-43-5-8 provides, in relevant part:

> (a) A person who knowingly executes, or attempts to execute, a scheme or artifice:
>
>     \* \* \*
>
> > (2) to obtain any of the money, funds, credits, assets, securities, or other property owned by or under the custody or control of a state or federally chartered or

federally insured financial institution by means of false or fraudulent pretenses, representations, or promises;

commits a Level 5 felony.[1]

[11] The evidence most favorable to Jones' conviction reveals the following. Forum received an online application on May 4, 2016, for a loan of $47,195.00. The loan application listed the name of the applicant as "Rayshaun M. Jones" and provided a social security number and a date of birth. Two days later, Forum employee Rosebrock received an email from Forum's consumer lending department stating that Jones would stop by the Carmel branch to open an account and to finalize two loans. Jones arrived at the branch that same day and when Rosebrock informed Jones that she was aware of his loan requests and his intent to open an account with Forum, Jones responded, "yes." Tr., Vol. 2 at 110. Jones indicated that his name, social security number, and date of birth were correct on the loan application and he provided two forms of identification to open a savings account. Jones provided an invalid Texas address as his former residence and was apparently unsure of what type of engineer he was, despite his loan application stating that was his occupation and source of his purported $9,000 monthly income. And finally, Jones presented a purchase agreement which had the "exact same layout" as a

---

[1] There is no dispute as to whether Forum constitutes a "federally chartered or federally insured financial institution." Ind. Code § 35-43-5-8(a)(2).

document submitted to Forum the day before as part of a fraudulent request to obtain an auto loan. *Id*. at 121.

[12] On appeal, Jones contends there is insufficient evidence from which the jury could infer that he knowingly attempted to execute a scheme or artifice to obtain money or funds from Forum. Specifically, Jones argues there are holes in the State's evidence such as the facts that Jones did not physically hand Rosebrock the application, Rosebrock did not actually know who completed the online application, and there was no physical or digital signature on the loan application.

[13] First, an online loan application was completed in Jones' name and bearing his date of birth. As Jones himself readily admits, he entered Forum with the intent to open an account on the same day as the online loan applicant was scheduled to complete the loan application and open an account as a prerequisite to completing the loan application. Rosebrock met Jones and informed him that she was aware of his loan applications and intent to open an account, to which Jones responded "yes." Tr., Vol. 2 at 110. Jones was also shown the online loan application and indicated that the information was correct.

[14] We are unconvinced by Jones' repeated attempts to emphasize the importance of the fact the loan application remained unsigned. Jones fails to provide a cogent argument or citation to authority as to why this fact renders the State's evidence insufficient. *See* Ind. Appellate Rule 46(A)(8) (providing that an

appellant's arguments must be supported by cogent reasoning, citation to authority, and a clear showing of how the arguments relate to the particular facts under review). Regardless, Rosebrock testified that Jones inspected the application and indicated the information was correct. From this evidence, it was reasonable for the jury to infer that Jones was in fact the same Jones who completed the online loan application.

[15]     Secondly, the evidence revealed Jones was unsure of his occupation or source of income, the loan application provided an incorrect social security number alongside Jones' name and date of birth, Jones was unable to provide Lieutenant Byrne with "a complete social security number[,]" *id.* at 157, and Jones' purchase agreement had the "exact same layout" as a document submitted to Forum the day before as part of a fraudulent request to obtain an auto loan, *id.* at 121. This evidence permitted reasonable inferences that Jones provided false information in his loan application and the purported purchase agreement was fraudulent and either inference satisfies the elements of Indiana Code section 35-43-5-8.

[16]     In sum, we view Jones' challenge to the sufficiency of the evidence as little more than an invitation to reweigh the evidence and to conclude that his version of events was more reasonable. As always, we must decline Jones' invitation. *Willis*, 27 N.E.3d at 1066; *Jones v. State*, 22 N.E.3d 877, 879 (Ind. Ct. App. 2014) ("[T]he question on appeal is whether the inferences supporting the verdict were reasonable, not whether other, 'more reasonable' inferences could

have been drawn.").  Therefore, we conclude the State presented sufficient evidence to sustain Jones' conviction of fraud on a financial institution.

## II. Sentencing Discretion

[17]  Jones next alleges the trial court abused its discretion in his sentencing by failing to identify certain mitigating factors.  Subject to the appellate courts' review and revise power, sentencing decisions are within the sound discretion of the trial court and we review only for an abuse of discretion.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).  An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Id.*

[18]  Our supreme court explained in *Anglemyer*:

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all.  Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

*Id.* at 490-91.

[19]  The finding of a mitigating factor is discretionary, and the trial court is not obligated to weigh mitigating evidence the way an appellant suggests it should be weighed.  *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993).  Furthermore,

if the trial court declines to find the existence of a mitigating factor, it is not obligated to explain why it has found that the factor does not exist. *Id.* When presenting the question of whether a trial court failed to identify mitigating factors on appeal, an appellant must "establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant." *Anglemyer*, 875 N.E.2d at 221.

[20] Jones claims that the trial court erred in failing to identify the following as mitigating factors: (1) his "overall low score on the Indiana Risk Assessment System (IRAS)[;]" (2) his full time job and a part time job; (3) his last felony conviction occurred in 2009; (4) his testimony that "he dealt with outstanding Michigan warrants prior to sentencing" and evidence that "Michigan would likely accept transfer and supervision of electronic home monitoring[,]" and (5) there was no victim of this crime because he did not actually receive any money. Appellant's Brief at 13-14.

[21] Here, we conclude Jones has failed to demonstrate that any of the purported mitigating factors are significant. First, our supreme court has explained that although trial courts may "employ such results in formulating the manner in which a sentence is to be served[,]" the IRAS scores "are not intended to serve as aggravating or mitigating circumstances[.]" *Malenchik v. State*, 928 N.E.2d 564, 575 (Ind. 2010). Second, our reading of the trial court's sentencing statement leads us to believe that the trial court did in fact consider Jones' employment as a mitigating factor in Jones' sentence, explaining "it sounds like you're potentially even working more than full time from the evidence that you

have presented to me. Once again, that is good." Tr., Vol. 2 at 250. Third, even a limited criminal history is a proper aggravating factor, *Atwood v. State*, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009), *trans. denied*, and thus the trial court was not required to consider a nine-year period since Jones' last felony conviction as mitigating. Fourth, there is nothing significant about Jones having responded to his outstanding warrants. As the trial court explained, "it took this conviction and it took this potential sentencing hearing to get [Jones] to finally resolve warrants that have been outstanding for months and months, if not years." Tr., Vol. 3 at 2. Fifth and finally, we find nothing significant about the fact that there was "no victim of this crime . . . Jones did not receive any money." Appellant's Br. at 14. Jones was arrested in the attempt to fraudulently obtain several large loans and the fact that he was apprehended in the process does not oblige the trial court to credit his failure.

[22] Jones also claims the trial court "became increasingly frustrated" with him prior to imposing his sentence, and Jones apparently takes issue with the trial court's admonishment:

> I've now given you an opportunity to converse with the Court, tell me whatever you wanted me to know. I've listened to the evidence that was presented. I've listened to argument of both counsel. And it is now the Court's turn to talk. If I ask you a question, you of course can answer. If you interrupt me, I will consider that to be contempt of this Court. All right? I've given you many opportunities to speak. It's now my turn. Do not interrupt me. If you have something that you want to say, write it down and ask me when I'm done.

Appellant's Br. at 14 (citing Tr., Vol. 2 at 247-48). However, Jones has failed to provide cogent argument or citation to authority as to *how* the trial court's admonishment related to his sentence or *why* it rendered the sentence an abuse of discretion. *See* Ind. Appellate Rule 46(A)(8).

[23] Regardless, directly prior to issuing the admonishment, the trial court engaged Jones in the following colloquy:

> [The Court]: According to the Pre-Sentence Investigation he now currently lives with his mom in Romulus, Michigan. When did that happen?
>
> [Counsel]: That's when you said in December, right?
>
> [Jones]: Right. The last few times I came to court in December or whenever, December, I let them know that my, the people I was staying with in New Palestine, they was [sic] separating and they was [sic] ending their lease but they didn't so ——
>
> [Counsel]: When did you go back to Michigan, just answer that.
>
> [Jones]: Oh, whenever I did?
>
> [Counsel]: Yeah. When did you go back to Michigan?
>
> [Jones]: When did I go back to Michigan?
>
> [Counsel]: Late December?

[Jones]:       Yeah, late December, around Christmas. It was the
               holiday.  I asked and it was so short notice.

[The Court]: All right.  So when did the Court authorize you to
             move back to Michigan?

[Jones]:       They didn't.

[The Court]: All right.

[Jones]:       I didn't -- I didn't --

[The Court]: So you went back to Michigan in late December
             and then almost immediately after getting back to
             Michigan, you picked up the false reporting charge.
             Is that right?

[Jones]:       Yes, Sir.

[The Court]: All right.  I just wanted to make sure that my review
             of the record was complete.  All right.  So I think
             I've cleared up the final question that I had.

Tr., Vol. 2 at 246-47.  Thus, placed in context, we view the trial court's admonishment as nothing more than an exercise of its duty to maintain appropriate decorum and order in the courtroom.  *See Mengon v. State*, 505 N.E.2d 788, 792 (Ind. 1987) (noting that a trial court has a duty "to manage the proceedings and take responsible steps to ensure that proper discipline and order exist in the courtroom").

Therefore, because Jones has failed to demonstrate that any of the purported mitigating factors are significant, we conclude the trial court did not abuse its discretion in sentencing. [2]

# Conclusion

The evidence is sufficient to sustain Jones' conviction of fraud on a financial institution and the trial court did not abuse its discretion in sentencing. Accordingly, we affirm Jones' conviction and sentence.

Affirmed.

Baker, J., and May, J., concur.

---

[2] Interspersed within Jones' abuse of discretion argument are references to the inappropriate sentence standard of Indiana Appellate Rule 7(B). However, as our supreme court has made clear, and as we have repeatedly explained, abuse of discretion and inappropriate sentence claims are to be analyzed separately. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Anglemyer,* 868 N.E.2d at 491). As Jones has not made an independent 7(B) argument, we do not address it.